SAMUEL GLADNEY et al., Appellants, v. NANCY J. BERKLEY et al., Respondents.

St. Louis Court of Appeals, April 29, 1898.

1. **Homestead**: ONE HOMESTEAD BETWEEN HUSBAND AND WIFE. Between husband and wife there can be but one homestead right, and in the absence of a statute, this right must be asserted in the name of the husband.

2. ———: ———: HEAD OF FAMILY. Because so long as the marriage relation exists *de jure*, he must be regarded as the head of the family within the meaning of the statute.

3. ———: ———: RIGHTS OF WIFE TO ASSERT CLAIM TO HOMESTEAD WHEN ABANDONED BY HER HUSBAND. There is no statute expressly authorizing the wife to assert claim to homestead when abandoned by her husband, but the law does provide that the husband shall be debarred from selling, mortgaging or alienating in any manner the homestead, unless the wife joins in the conveyance. (Session Acts 1895, p. 185).

4. ———: ———: STATUTORY CONSTRUCTION. The effect of the statute (Session Acts 1895, p. 185) is to endow the wife with a present fixed and substantial interest in the homestead, and by necessary implication she must have the power or right to protect her interest from the creditors of her husband, in case he should abandon her or should refuse to assert the homestead right.

*Appeal from the Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

MARTIN & WOOLFOLK and W. A. DUDLEY for appellant.

There was no evidence tending to show that the husband had abandoned the wife so as to give her the right to claim a homestead under the provisions of section 5435, Revised Statutes 1889. But even if the husband had abandoned her, she could have homestead only in the manner pointed out by that section of the statute by filing her claim, etc. Grear v. Majors, 114 Mo. 145; Kennedy v. Broyles, 55 Mo. App. 257; Shores v. Shores, 34 Mo. App. 208. Under no other section of the statute than 5435 is there any statutory recognition or sanction of a married woman's right to homestead, and that section limits her right to the condition of the husband's abandonment of her and family. At the time of claim of homestead by Nancy J. Berkley, and long before she and her husband separated, this section of the statute had been amended, and the right of the married woman, in case of abandonment, taken away. Laws of 1895, page 185. The same homestead, given under section 5435, to "every housekeeper or head of a family," upon death passes to his widow and children, under section 5439. The sale under the deed of trust extinguished all right of homestead of both respondents in the land. Casebolt v. Donalson, 67 Mo. 308; Woerther v. Miller, 13 Mo. App. 567. If respondent Nancy J. Berkley acquired any rights in the land by reason of the purchase at the trustee's sale by her son, Charles Berkley, it was a new right, acquired subsequent to the rendition of the

judgments in this case. Stanley v. Baker, 75 Mo. 60. The respondent Nancy J. Berkley could in no case claim homestead in all the land which was advertised for sale, and if she was entitled to homestead as against the appellant's judgments, a sale could not affect or take away such right, but would be subject to such homestead right. Crisp v. Crisp, 86 Mo. 630; Bunn v. Lindsay, 95 Mo. 250–258; Thompson v. Newbury, 93 Mo. 18–25; Anthony v. Rice, 110 Mo. 223–231.

NORTON, AVERY & YOUNG for respondent.

An estate in common will support a right of homestead in one of the cotenants. Thompson on Homest., chap. 4, art. Y; Freeman on Ex., sec. 243; Hart v. Leete, 104 Mo. 315. A married woman, though having a husband living, may have a homestead in lands owned by her, having all other legal requisites. Keyte v. Peery, 25 Mo. 394. Section 5435, Revised Statutes 1889, as amended in 1895, relieves the wife of the necessity of filing her claim of homestead. Her husband can not since amendment dispose of homestead in any manner whatever, unless husband and wife join in the deed. Laws of 1895, p. 185. The circuit court has full control over its own process, and may, on motion filed at or before the return term of an execution, set aside a sale made thereunder. St. Louis v. Brooks, 107 Mo. 380.

BIGGS, J.—The plaintiffs, Samuel Gladney and Jane Kemper, each obtained a judgment against William Berkley and Nancy J. Berkley, his wife. Executions were issued on both judgments, and levies were made upon a farm which was advertised for sale. The farm was acquired and held by Berkley and wife as tenants in common, he owning an undivided one third, and she the remainder. They acquired the

Gladney v. Berkley.

property and occupied it as a homestead prior to the contracting of plaintiffs' debts. About one year before the executions were issued, Berkley abandoned his wife. She and her minor child were left in sole possession of the farm, and they have continued since that time to occupy it as a homestead. The farm contains about six hundred acres of land. The plaintiff failed to set aside a homestead before making the levies. At the return term of the executions and prior to the day of sale Mrs. Berkley moved the court to quash the executions for failure of the sheriff to set apart a homestead in the land for the benefit of herself and minor child. The court sustained the motions and the plaintiffs have appealed. The proceedings under both motions are presented by one record.

It is clear, we think, that the homestead rights of Berkley were not forfeited, although he had abandoned the farm himself. So long as his wife retains the possession, the farm continues to be his home, as well as that of his family, until, at least, it is proved that he has acquired another homestead, which the law will never assume that he has done. (Thompson on Homesteads, sec. 277.) We think it equally clear that as between husband and wife there can be but one homestead right, and that in the absence of a statute, this right must be asserted in the name of the HOMESTEAD: husband, because so long as the marriage rights of wife. relation exists *de jure*, he must be regarded as the head of the family within the meaning of the statute. The question then is, can Mrs. Berkley, in the absence of her husband, assert this right to a homestead? There is no statute expressly authorizing her to do this, but the law does provide that the husband shall be debarred from selling, mortgaging or alienating in any manner the homestead, unless the wife joins in the conveyance. Session Acts Mo. 1895,

p. 185.   The effect of this statute is to endow a wife with a present, fixed and substantial interest in the homestead, and by necessary implication she must have the power or right to protect her interest from the creditors of her husband, in case he should abandon her or should refuse to assert the homestead right, for otherwise the husband could do indirectly the very thing the law prohibits him from doing directly, that is, deprive his wife without her consent of the use and enjoyment of their home.   Adams v. Beale, 19 Iowa, 61; Thompson on Homesteads, sec. 690.

It is in evidence that Berkley and wife had conveyed the land by deed of trust to secure the payment of a debt, that there had been a sale under the deed of trust, and that the son of Berkley and wife had purchased the land at the sale.   It is contended that this sale divested Berkley and wife of all interest in the land, and hence the latter ought not to interfere with or object to the sale of the farm under plaintiffs' execution.   The sale either did or did not convey the title.   If the title did pass, then the plaintiffs are not prejudiced by the orders of the court quashing the levies.   On the other hand if the sale for any reason was invalid, then the homestead rights of Berkley's family ought to be protected.   The plaintiffs, by making the levies and incurring the expense of the advertisements, assert that Berkley has some interest in the land which they desire to sell under their executions. Under the circumstances we think that the circuit court acted wisely in quashing the levies.   It has full control of its process, and it was its duty to see that it was not used so as to prejudice the rights of litigants.

With the concurrence of the other judges, the judgment will be affirmed.   It is so ordered.