E. C. WHITE, Appellant, v. GEORGE A. SMITH
et al., Respondents.

Kansas City Court of Appeals, January 4, 1904.

1. EXEMPTIONS: Husband and Wife: Head of the Family. So
long as the marriage relation exists *de jure*, the husband must
be regarded as the head of the family within the meaning of the
exemption statute.

2. ————: Married Women: Statutory Construction. Under section
4335, Revised Statutes 1899, a married woman may invoke all
exemptions and homestead laws now in force for the protec-
tion of her personal and real property where the husband has
made no such a claim for the exemption of his property.

Appeal from Cole Circuit Court.—*Hon. James E.
Hazell*, Judge.

AFFIRMED.

*Barnett & Barnett* for appellant.

(1) Mrs. McKay was not the head of a family.
She lived with her husband and was supported by him.
Therefore the husband and not the wife was the head
of the family. Brown v. Brown, 68 Mo. 388; Whitehead
v. Tapp, 69 Mo. 415; Gladney v. Berkley, 75 Mo. App.
98. (2) While she could, as a married woman under sec-
tion 4335, Revised Statutes, invoke the exemption laws
to protect the property owned by her husband, he being
the head of the family, and not having claimed his own
exemptions, yet as she is not the head of a family, she
can claim no exemptions in her own property. Revised
Statutes 1899, sec. 4335; Bank v. Redlinger, 95 Mo.
App. 279. (3) Between husband and wife there can
be but one homestead, and but one personal exemption

and this exemption belongs to the husband as the head of the family. Gladney v. Berkley, 75 Mo. App. 98. (4) In this case the right of exemption still exists in the husband's property.

*Silver & Brown* for respondents.

(1) It was not necessary for Mrs. McKay to be technically the head of a family before she could claim the benefit of the exemptions contemplated by Revised Statutes 1899, sec. 4335. (2) Besides, the construction contended for by opposing counsel directly infringes on the rule adopted at an early day in this State that exemption and homestead laws are to be liberally construed in favor of the execution debtor. Megethe v. Draper, 21 Mo. 510; State, etc., v. Dill, 60 Mo. 433; Wauschaff v. Company, 41 Mo. App. 406; King v. King, 155 Mo. 406; Thompson on Homesteads, sec. 224.

BROADDUS, J.—This is a suit against defendant Smith and his securities on his bond as constable. The case was begun in a justice's court and was tried on appeal in the circuit court where defendants prevailed and plaintiff appealed. The facts were that plaintiff had obtained a judgment before a justice against one R. H. McKay and his wife for $41.98 and that one, Peasner, as executor of a certain estate, held in his hands the sum of $50, which was a part of the wife's distributable share in said estate, and that execution was issued against the husband and wife and said Peasner was summoned as garnishee, who, upon interrogatories being filed, answered that he was owing said sum to the wife and paid the same to the constable, taking his receipt therefor. The wife gave notice to the constable that she claimed the money in his hands as exempt under section 4335 of the Revised Statutes 1899. The constable, after some hesitation, paid her the money. The plaintiff claims that in so doing he committed a breach of his bond.

The evidence tends to show that this was all the property owned by the wife except certain other funds in the hands of said executor upon which she had created a lien.   It was proved that McKay, the husband and head of the family, made no claim of exemption in his own behalf.

It is contended by plaintiff that as she lived with her husband and was being supported by him she was not the head of a family and therefore not entitled to the exemptions provided by the statute.

In Gladney v. Berkley; 75 Mo. App. 98, the court held:   "As between husband and wife there can be but one homestead right, and that in the absence of a statute this right must be asserted in the name of the husband because so long as the marriage relation exists *de jure* he must be regarded as the head of the family within the meaning of the statute."   The homestead in question belonged to the husband and the court's decision had reference to property of that status only.   It could not be held to apply to a case where the property in question belonged to the wife because it would clearly be against the very letter of said section 4335, which reads as follows:

"A married woman shall be deemed a *femme sole* so far as to enable her to carry on and transact business in her own name, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for and against her, and may sue and be sued at law and in equity with or without her husband being joined as a party.   Provided, a married woman may invoke all exemption and homestead laws now in force for protection of personal and real property owned by the head of a family except in cases where the husband has claimed such exemption and homestead for the protection of his own property."

The language of the act is, that "a married woman may invoke all exemption and homestead laws, notwith-

standing the husband may be the head of the family.'' The object of the statute seems to have been for the purpose of protecting a married woman because under existing laws at the time the act was passed she could not claim the benefit of the exemption and homestead laws because she was not the head of a family. Therefore it is in the nature of an enabling statute. It does not take away the husband's right as the head of the family to claim the benefit of said exemption and homestead laws and the wife's right to avail herself of said laws is not an absolute right for if the husband has claimed them the wife is precluded from doing so. It is only in cases where the husband has failed to exercise his right that the wife may exercise her own. The statute has thus provided that there shall not be two exemptions and two homesteads for the benefit of the same family. In the case under consideration the husband and wife were both judgment debtors and the husband having failed to claim his exemption the wife was authorized to do so by the very letter of the act.

We have found no decision by the appellate courts of this State on the question; but we think it is clear that the judgment was right and it is therefore affirmed. All concur.