**In re DIEHL (two cases).**

Nos. 2518, 2519.

District Court, E. D. Missouri, N. D.

Feb. 1, 1944.

Rendlen, White & Rendlen, of Hannibal, Mo., for bankrupts.

J. E. Rieger, of Kirksville, Mo., and Ben E. Hulse, of Hannibal, Mo., for Home Owners Loan Corporation.

DUNCAN, District Judge.

Maude E. Diehl and John Diehl, are husband and wife, and were, on February 27, 1943, living together as such. On that day Maude E. Diehl filed a petition in bankruptcy, No. 2518, and was duly adjudged a bankrupt. She listed among her assets certain real property in Kirksville owned by her and her husband by the entirety. Under schedule B-5 "Property Claimed to be Exempt", she claimed exemptions under sections 1324 and 1327, R.S.Mo.1939, Mo. R.S.A., "$300.00 in money or value in the real estate hereinbefore described."

On March 1, 1943, her husband John Diehl filed his petition in bankruptcy, No. 2519, and listed the same real property owned by the entirety as listed by the wife. Under schedule B-5 "Property Claimed to be Exempt", the husband also claimed "$300.00 in money or value in the property of the bankrupt's estate", under sections 1324 and 1327, R.S.Mo.1939, Mo.R.S.A. On March 15, 1943, at the first meeting of creditors, the cases were consolidated for the "convenience of administration" and a trustee was appointed.

On April 8, 1943 the trustee in the consolidated cases filed his report allowing exemptions to each of the said parties as follows:

"To Maude E. Diehl and John Diehl under sixth subdivision of Section 1324 R.S. of Mo.1939, beds, household goods and

kitchen furniture, set out in appraisement $257.25

"To Maude E. Diehl, under Section 1327 and 3385, R.S. of Mo.1939, the sum of 300.00 out of any other property, real, personal or mixed;

"To John Diehl, under 7th sub-division of Sec. 1324 R.S. of Mo.1939, the necessary tools and implements of trade, as set out in the appraisement, at the value of $350.00

"To John Diehl, under section 1327, the sum of 300.00 out of any other property, real, personal or mixed. Geo J. Patton, Trustee."

The Home Owners Loan Corporation, a judgment creditor of both bankrupts, filed exceptions to the report of the trustee, and on June 7, 1943 such exceptions were by the referee overruled. Within due time the Home Owners Loan Corporation filed its petition for review, and the following question was certified to the judge of this court for review: "Where the wife and husband each separately file in bankruptcy, the petition of the wife being filed first, and the wife claims a personal exemption of $300 under the provisions of Sections 3385 and 1327 R.S. of Mo.1939, out of her own property, and the husband claims $300.00 personal exemption under Section 1327, R. S.Mo., 1939, out of his property, should either or both of such exemption claims be allowed?"

The trustee allowed to the bankrupts jointly instead of the head of the family, the property defined in subsection six of section 1324, that is, beds, household furniture, etc., as exempt. He also allowed under sections 1327 and 3385 as exempt to Maude E. Diehl, the sum of $300 "out of any other property, real, personal or mixed." This in addition to the joint allowance of household goods, etc., he also allowed to her, and without regard to whether or not she was the head of the family,

He allowed to the husband under the seventh sub-division of Section 1324 "the necessary tools, equipment" etc, valued at $350, and under section 1327 he allowed to him the additional sum of $300 "out of any other property, real, personal or mixed." Both of these items were allowed to him in addition to the amount allowed to his wife, and without regard to whether or not he was the head of a family. Thus it will be seen that a double exemption was allowed under section 1327, presumably in lieu of the property described in subdivisions one and two of section 1324.

A determination of the question certified involves the construction of four sections of Missouri Revised Statutes Annotated to-wit: Sections 1324[1], 1327[2], 1329[3], and 3385[4].

Section 1324, Mo.R.S.A.,[1] "Property exempt when owned by the head of a family," is the statute which determines what specific property is exempt when owned by the head of a family, and which, upon request, must be allowed to such person.

---

[1] Section 1324, Mo.R.S.A. "The following property, when owned by the head of a family, shall be exempt from attachment and execution: First, ten head of choice hogs, ten head of choice sheep, and the product thereof in wool, yarn or cloth, two cows and calves, two plows, one ax, one hoe and one set of plow gears, and all necessary farm implements for the use of one man; second, two work animals, and feed of the value of twenty-five dollars for the stock above exempted; third, the spinning wheels and cards, one loom and apparatus, necessary for manufacturing cloth in a private family; fourth, all the spun yarn, thread and cloth manufactured for family use; fifth, any quantity of hemp, flax and wool, not exceeding twenty-five pounds each; sixth, all wearing apparel of the family, four beds with usual bedding, and such other household and kitchen furniture, not exceeding the value of one hundred dollars, as may be necessary for the family, agreeably to an inventory thereof, to be returned on oath, with the execution, by the officer whose duty it may be to levy the same; seventh, the necessary tools and implements of trade of any mechanic while carrying on his trade; eighth, any and all arms and military equipments required by law to be kept; ninth, all such provisions as may be on hand for family use, not exceeding one hundred dollars in value; tenth, the Bibles and other books used in a family, lettered gravestones, and one pew in a house of worship; eleventh, all lawyers, physicians, ministers of the gospel and teachers, in the actual prosecution of their calling, shall have the privilege of selecting such books as shall be necessary to their profession, in the place of other property herein allowed, at their option; and doctors of medicine, in lieu of other property exempt from execution, may be allowed to select their medicines."

Section 1327, Mo.R.S.A.,[2] provides that the head of a family, at his election, may, in lieu of the property mentioned in the first and second subdivisions of said section 1324, which pertains exclusively to livestock and farm implements necessary in agricultural pursuits, select and hold exempt from execution any other property, not exceeding in value $300.

Section 1329[3] provides that when the articles specified in "first, second, third, fourth, fifth, sixth, ninth and tenth clauses of section 1324 shall belong to a married man, and he at the time the execution is levied, or at any time before the sale under it, has absconded or absented himself from his usual place of abode, his wife may claim said articles, or in lieu of the property mentioned in the first and second subdivisions of section 1324, may select and hold exempt from execution or attachment any other property, real, personal or mixed * * * not exceeding in value the amount of three hundred dollars * * *".

Section 3385, Mo.R.S.A.,[4] provides: "A married woman may invoke all exemption and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

The four sections of the statutes which have been cited, together with section 1323, Mo.R.S.A., which applies to "property exempt when owned by one not the head of a family," are all the statutory law in Missouri defining exemptions applicable to individuals. A reading of all the sections of the statutes cited clearly indicates that it was the intention of the framers thereof to deal with the subject of exemptions from the standpoint of the "family unit" and to allow to the "head of a family", whoever that person might be, the right to the property defined in the statutes as exempt.

Distinguished counsel on both sides have filed briefs fully defining their respective positions. In their brief, bankrupts base their right to exemptions allowed to each of them upon a decision of a judge of this court rendered in 1927, overruling an order of the referee declining to allow exemptions to a husband and wife. Likewise the referee seems to base his order overruling exceptions to the trustee's report on that decision. The only facts given in the brief respecting that case are that the wife filed her petition several months prior to that of the husband, and that a judge of this court held that each of them was entitled to a $300 exemption. I cannot agree with the conclusion in that case that the husband and wife each is entitled to an exemption.

Section 1324, Mo.R.S.A., defines property exempt from attachment and execution when owned by the head of a family. Under this section, not a single item of prop-

---

[2] Section 1327, Mo.R.S.A. "Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivision of section 1324 may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars, except ten per cent of any debt, income, salary or wages due such head of a family."

[3] Section 1329, Mo.R.S.A. "When the articles specified in the first, second, third, fourth, fifth, sixth, ninth and tenth clauses of section 1324 shall belong to a married man, and he at the time the execution is levied, or at any time before the sale under it, has absconded or absented himself from his place of abode, his wife may claim said articles, or, in lieu of the property mentioned in the first and second subdivisions of section 1324, may select and hold, exempt from execution or attachment, any other property, real, personal or mixed, debts or wages, not exceeding in value the amount of three hundred dollars, and may

receive the same, or any other articles mentioned in this article, from the officer, and may, if the said articles are taken or withheld from her, in her own name sue for and recover the same, or the value thereof, and in such suit shall not be required to give security for costs."

[4] Section 3385, Mo.R.S.A. "A married woman shall be deemed a femme sole so far as to enable her to carry on and transact business on her own account, to contract and be contracted with, to sue and be sued, and to enforce and have enforced against her property such judgments as may be rendered for or against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party: Provided, a married woman may invoke all exemption and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

erty described is exempt to any person, except to the head of a family.

Section 1327, Mo.R.S.A.,[2] does not give to any person other than the head of a family any rights not given in section 1324. This section continues to deal with the "family unit" and allows to the "head of the family", not something additional by way of exemptions, but allows such person the head of the family, in lieu of certain property described in the first and second subdivisions of section 1324 to elect to take and hold as exempt, any other property owned by such person "the head of a family", not to exceed $300, and this may be in money. The framers of the statutes certainly realized that the property described in the first and second subdivisions was of such character that it likely would be useless to any debtor, except one engaged in agriculture, and thus gave to debtors the right to take other property, not to exceed in value $300 in lieu thereof.

Until we come to section 1329[3] we find the right to claim the property exempted in section 1324 vested only in the head of a family. By this section the wife is given all the rights with respect to the claiming of exempted property belonging to her husband in the event that such husband "has absconded or absented himself from his place of abode." Thus it will be seen that the framers of this section still are protecting the "family unit" by extending to the wife the right to claim exemptions in the absence of the husband. A right which she did not have under sections 1324 and 1327. Under this section, by virtue of his absence, she has now become the head of the family, and the rights accruing to the "head of the family" are vested in her. This section does not enlarge upon the scope of the exemptions allowed under sections 1324 and 1327. It is simply an act enabling the wife

to do what in certain circumstances was theretofore reserved to the husband alone.

The bankrupt Maude E. Diehl bases her right to an exemption partially upon section 3385 which is a part of the Married Women's Act. I am unable to see where this section does more than to give to a married woman the right to claim the property which, by sections 1324 and 1327, is exempt to the head of a family, when the husband does not do so. It does not enable her to claim and have set off to her an exemption in addition to an exemption claimed and allowed to her husband.

Section 1329 enables the wife to claim the statutory exemptions when the husband "has absconded or absented himself from his * * * abode." Section 3385, in so far as it applies to exemptions, enables her to claim the same statutory exemptions in case her husband, although not absent from his place of abode, fails to claim them. It is also an enabling statute and adds nothing by way of exemptions which is not already provided in sections 1324 and 1327. It simply enables the wife to do what the husband, as the "head of the family," already has the right to do, but has failed to do.

The Home Owners Loan Corporation had obtained a judgment against bankrupts for their joint obligation, execution had been issued pursuant thereto, and their real property, held by the entirety, levied upon and advertised for sale on March 4, 1943. The husband John Diehl, had not on February 27, 1943 claimed his statutory exemption. The time for doing so, so far as the sale under the execution was concerned, had not expired.

Property claimed as exempt may be claimed by the head of a family at any time before it is actually sold, and need not be claimed before the commencement of the

---

2 Section 1327, Mo.R.S.A. "Each head of a family, at his election, in lieu of the property mentioned in the first and second subdivision of section 1324 may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of three hundred dollars, except ten per cent of any debt, income, salary or wages due such head of a family."

3 Section 1329, Mo.R.S.A. "When the fourth, fifth, sixth, ninth, and tenth clauses articles specified in the first, second, third, of section 1324 shall belong to a married man, and he at the time the execution is levied, or at any time before the sale under

it, has absconded or absented himself from his place of abode, his wife may claim said articles, or, in lieu of the property mentioned in the first and second subdivisions of section 1324, may select and hold, exempt from execution or attachment, any other property, real, personal or mixed, debts or wages, not exceeding in value the amount of three hundred dollars, and may receive the same, or any other articles mentioned in this artible, from the officer, and may, if the said articles are taken or withheld from her, in her own name sue for and recover the same, or the value thereof, and in such suit shall not be required to give security for costs."

sale. State ex rel. Fulkerson v. Emmerson, 74 Mo. 607.

The separate petitions of the husband and wife were almost identical. They differed only in the following items: Maude E. Diehl claimed household goods of the value of $50, which her husband John Diehl did not claim, and the husband John Diehl claimed tools and other implements of his trade of the value of $350, which were not listed by Maude E. Diehl. John Diehl listed under "Choses in Action" the surrender value of an insurance policy made payable to Maude E. Diehl, of approximately $58, and bills receivable on open accounts $100. He also listed the sum of $100 attorney's fee as an obligation, which was not listed by Maude E. Diehl. With these exceptions, the petitions were identical.

It is suggested that the bankrupts sought legal advice with respect to the right of each of them to claim the statutory exemptions. Whatever the fact may be in that respect, Maude E. Diehl filed her petition in bankruptcy on February 27, 1943 and claimed the statutory exemptions. In so far as the advertised sale under execution was concerned, the time for the husband to claim his exemption had not expired on February 27, 1943. State ex rel. Fulkerson v. Emmerson, supra. So far as the bankruptcy proceeding was concerned, at the time the wife claimed statutory exemption on February 27, 1943 there had been no opportunity for the husband to do so under their apparent arrangement with respect to the filing of their petition.

Within forty-eight hours after the wife had filed her petition and claimed the statutory exemptions, the husband, who was living with the wife, filed his petition and claimed his statutory exemptions. This was the first time the husband had had an opportunity with respect to the bankruptcy proceeding to claim the exemptions allowed him as "head of the family", and as soon as it was possible in the bankruptcy court to claim his exemptions, he did so.

The fact that the property out of which the $300 exemption allowed to each debtor was property held by the entirety does not alter the intent of the exemption statutes, and it was not intended that double exemptions should be allowed to husband and wife regardless of the nature of the ownership of the property out of which the exemption is to be paid.

In Martin v. Barnett, 158 Mo.App. 375, loc. cit. 393, 138 S.W. 538, loc. cit. 544, Judge Reynolds, speaking for the court, said: "It is clear from a consideration of our statutes relating to the claim of exemption, that either the husband or the wife can claim exemption; the wife, under section 2185 (now 1329) R.S.1909, only when the husband has absconded or absented himself from his usual place of abode in this state; under section 8304 (now 3385, Mo.R.S.A.) only when the husband has failed to make his claim. The husband and wife cannot at once and separately make the claim on different or on the same property. There is only one exemption. Either can, the statutory facts being present, claim the exemption; both cannot." White v. Smith, 104 Mo.App. 199, 78 S.W. 51.

In White v. Smith, 104 Mo.App. 199, 78 S.W. 51, 52, Judge Broaddus, speaking for the court in construing section 3385 (then 4335) said: "The language of the act is that 'a married woman may invoke all exemption and homestead laws, notwithstanding the husband may be the head of the family.' The object of the statute seems to [be] for the purpose of protecting a married woman, because under existing laws at the time the act was passed she could not claim the benefit of the exemption and homestead laws because she was not the head of a family. Therefore it is in the nature of an enabling statute. It does not take away the husband's right as the head of the family to claim the benefit of said exemption and homestead laws, and the wife's right to avail herself of said laws is not an absolute right, for if the husband has claimed them, the wife is precluded from doing so. It is only in case where the husband has failed to exercise his right that the wife may exercise her own. The statute has thus provided that there shall not be two exemptions and two homesteads for the benefit of the same family. In the case under consideration the husband and wife were both judgment debtors, and, the husband having failed to claim his exemption, the wife was authorized to do so by the very letter of the act."

The head of the family was entitled to the allowance of his statutory exemptions, and it is the general rule of law that the husband, and not the wife, is primarily the head of the family.

There is no finding in the report of the trustee, or in the order of the referee overruling exceptions to that report, to the contrary.

In view of the foregoing, the ruling of the referee allowing and awarding to the bankrupt Maude E. Diehl an exemption of $300 is hereby set aside and for naught held.