**In Re Stephen Leroy SARTAIN and Lois Earlene Sartain, Debtors.**

**Bankruptcy No. 86–00264–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

July 8, 1986.

Norman W. Lampton, Columbia, Mo., for debtors.

Jack Brown, Columbia, Mo., trustee.

## MEMORANDUM OPINION AND ORDER

FRANK W. KOGER, Bankruptcy Judge.

This Chapter 7 bankruptcy hearing arises over a simple appearing but rather complex issue as to whether two debtors who are husband and wife can both claim simultaneously the head of family exemption. The facts are quite simple. Debtors filed their voluntary petition in Chapter 7 on January 21, 1986, filed their schedules (including exemptions) on February 21, 1986, had an otherwise uneventful § 341 meeting on April 11, 1986, and then received the Trustee's objections to the claimed exemptions on April 14, 1986. The Trustee's Objection was based on the fact that both spouses had claimed the head of family exemption in Schedule B–4. The Court issued its Show Cause Order on April 18, 1986; debtors answered, and hearing was held on May 29, 1986.

At said hearing, the Trustee simply asserted that the Missouri Statutes did not contemplate a Multi-Headed Family unit and that there could be only one "head of family" per bankruptcy. The counsel for debtors relied on his memorandum filed May 27, 1986, and the Court now considers and decides the issues thus joined.

Counsel for debtors asserts two themes in his answer but only one in his memorandum. First, is counsel's interpretation of the words comprising Section 513.440, Missouri Revised Statues, 1982. Second, asserted in his answer but not in his memorandum, is that the restriction of the head of family "to one person and not the other" is in violation of the equal protection clauses of the Fifth and the Fourteenth Amendments of the Constitution.

██ Taking these points in inverse order, the Court first considers the alleged Constitutional question raised by the answer, although perhaps waived by the memorandum. Debtors' argument on this point must fail. The statute is sexually, maritally and anatomically neutral. It gives no preference to either spouse nor is it restricted in any way by any prohibited classification. It provides:

"Each head of a family may select and hold, exempt from any execution ...".

Furthermore, Section 451.290 R.S.Mo.1982 provides in pertinent part:

"a married woman may invoke all exemption and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of the family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

Also see: *In re Murrell*, 588 F.2d 1207 (8th Cir.), cert. denied, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1978). That case clearly established that husband or wife must be treated identically for purposes of the head of the family exemption and, in effect, placed the Eighth Circuit seal of approval on a comparably worded predecessor to the present Section 513.440. This point is, therefore, ruled against debtors.

██ Passing on to debtors' main point requires a somewhat more detailed examination of the wording of the statute. Briefly stated, it is debtors' contention that simple construction requires the Court to determine that both of the debtors may claim the full head of family exemptions. Debtors correctly quote Section 513.440, to-wit:

"Each head of a family may select and hold, exempt from execution, . . ."

Debtors then correctly state that under recognized rules of statutory construction every word, clause and statute is to be given some meaning as set out in *Staley v. Missouri Director of Revenue*, 623 S.W.2d 246. Debtors also correctly state that the meaning of the words is presumed to be their ordinary and natural meaning (*State v. Cason*, 507 S.W.2d 405), and that the ordinary and common meaning is derived from the dictionary (*Boone County Court v. State of Missouri*, 631 S.W.2d 321).

Debtors then quote Websters II New Riverside Dictionary published by Houghton Mifflin Company, 1984 to define "each" as:

"being one of two or more separately: every"

Debtors then reason that when the statute says *each* head of a family, the Court should construe the statute to mean *every* head of a family can claim the exemption. Debtors go further to cite Section 513.475 R.S.Mo.1982 (the homestead statute) which provides:

"... if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed, in the aggregate, this subsection as to any one homestead."

and then reason that because Section 513.-440 does not contain specific limiting language as Section 513.475 does, the former Section is not limited to one person as head of the family.

It is at this point the Court cannot agree with debtors as to the definition or the interpretation to be placed on the language of the statute. Webster's Third New International Dictionary, Copyright 1981 by Merriam-Webster, Inc. defines "each" as:

"being one of two or more distinct individuals having a similar relation and often constituting an aggregate: this as well as that or the next or any other of two or more separate but similar individuals."

It does not establish "every" as a synonym nor as an interchangeable word, and in fact defines "every" as:

"being each individual or part of a class or group whether definite or indefinite in number without exception."

One of the examples given for use is:

"listened carefully to his every word."

Perhaps that as well as any other illustration shows that the two words are not interchangeable and not synonomous no matter what the announcers on TV say. Obviously, the term "his each word" makes no sense. "Each" is one of two or more, "every" is all of two or more and in law, at least, there is a difference. The statute then does not lend itself to the interpretation urged by debtors.

The Court is not alone in this interpretation. See *Matter of Crippen*, 36 B.R. 7 (Bkrtcy. ED Mo.1983) and *In re Diehl*, 53 F.Supp. 703 (Dist.Mo.1944). Also a perusal and coordination of all of the related statutes, namely Section 451.290, supports this view. It provides (in part):

"... a married woman may invoke all exemption and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of the family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

Even *In re Murrell*, supra, while denying head of family status to an unemployed wife/mother but holding that equal protection required that husband or wife must be treated the same for purposes of the head of family exemption, construed the exemption as a single one, not a dual one.

The Court, therefore, holds that the head of the family may, like Janus, wear more than one face, may be male or female, husband or wife, married or unmarried. However, unlike Cerberus or Hydra it may have only one head. The trustee's objections are SUSTAINED.