**In re Robert L. SOPER and Leslie R. Soper, Debtor.**

No. 00–44057.

United States Bankruptcy Court, W.D. Missouri.

Feb. 12, 2001.

Aunna L. Peoples, Kansas City, MO, for movant.

Ralph E. Pratt, Independence, MO, for respondent.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 7 trustee objected to debtors' claim to a homestead exemption in their lake cabin and to both debtors' claim to the head of household exemption. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will sustain the trustee's objections.

## FACTUAL BACKGROUND

On October 31, 2000, debtors Robert and Leslie Soper filed a Chapter 7 bankruptcy petition. According to the petition, they live at 11210 Gill Street, Sugar Creek, Missouri 64054.[1] They own the real estate at that address, and they represented to the Court that they do, indeed, reside at that address. They also own real estate in Rocky Mont, Missouri.[2] The debtors valued the property at 11210 Gill Street at $48,500.00 with a lien of $43,900.00. They valued the property in Rocky Mont, Missouri at $55,000.00 with a lien of $51,390. The debtors represented that the Rocky Mont, Missouri property contains a vacation cabin on the lake where they spend most weekends and at least one month every summer.[3] They argued that the combined equity in both homes is less than the allowed homestead exemption in Missouri, and that they spend a significant amount of time in both homes. They, therefore, attempted to exempt the equity in both pieces of real estate as their homestead.

The debtors also represented that they have one minor child born May 29, 1983, and that they are her sole source of support.[4] Debtors both claimed a head of household exemption in the amount of $850.00 in an attempt to exempt their equity in a 1996 JetSki and a 1964 15 horsepower outboard motor. Neither debtor, however, attempted to exempt the sum of $250.00 for their dependent. The debtors claim that they both are employed and both contribute equally to their daughter's support, therefore, they are both entitled to claim the exemption. On February 8, 2001, this Court held a hearing on the trustee's objection. At the hearing, the parties agreed that there are no disputed facts and submitted the matter for a legal determination. The issues are clearly defined. Can a married couple living together claim a homestead exemption in more than one home? Can a married couple living together each claim the head of household exemption for a dependent child?

## DISCUSSION

Debtors are allowed to exempt up to $8000.00 of equity in as a homestead from the claims of creditors:

1. The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of eight thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution. The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed, in the aggregate, the total exemption allowed under this subsection as to any one homestead.[5]

It is well-settled law in Missouri that a married couple living together can claim

---

1. Doc. # 1.

2. *Id.* at Schedule A.

3. Though not relevant to my decision regarding debtors' exemptions, debtors' bankruptcy schedules indicate that they also own a 32 foot 1997 Chris Craft Boat with a fair market value of $85,000.00 and a lien of $108,980.00. Debtors' Statement of Intention indicates that they intend to retain the boat and reaffirm the debt. Schedule D. Debtors' schedules also indicate that the monthly payments on the boat total $999.00 per month. Schedule J. Debtors appear to have $142,649.86 in unsecured debt, and they represent that their net monthly income is $3,193.60 while their monthly expenses are $4,276.00. Schedules F, I, and J.

4. I note that debtors failed to disclose that they had a dependent on Schedule I, but they filed an affidavit to that effect in response to the trustee's objection.

5. Mo.Stat.Ann. § 513.475.1 (Supp.2001).

only one homestead.[6] While there are no recent cases in Missouri, the older cases cited have never been questioned. The language of the statute itself speaks of the homestead in the singular. I, therefore, will sustain the trustee's objection to the debtors' claim of a homestead as to the Rocky Mont, Missouri property.

 Debtors are also allowed a head of household exemption in Missouri in the amount of $850.00 plus $250.00 for each dependent under eighteen years of age.

> Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of eight hundred fifty dollars plus two hundred fifty dollars for each of such person's unmarried dependent children under the age of eighteen years, except ten percent of any debt, income, salary or wages due such head of a family.[7]

The head of household exemption, which permits a debtor designated the head of household to protect property of debtor's choice from the claims of creditors, may be claimed by only one person in each family.[8] I will, therefore, sustain the trustee's objection to one head of household exemption in the amount of $850.00. Debtors have ten days from the date of this Memorandum Opinion to amend their exemption schedules and decide which personal property they wish to exempt with the one head of household exemption they are allowed.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

6. *Palmer v. Omer*, 295 S.W. 123, 125, 316 Mo. 1188, 1193 (Mo.1927); *Scheerer v. Scheerer*, 229 S.W. 192, 197, 287 Mo. 92 (Mo.1921); *Rouse v. Caton*, 67 S.W. 578, 579, 168 Mo. 288 (Mo.1902); *White v. Smith*, 104 Mo.App. 199, 78 S.W. 51, 52 (1904); *Gladney v. Berkley*, 75 Mo.App. 98, 1898 WL 2036 *1 (Mo.Ct. App.1898).

7. Mo.Stat.Ann. § 513.440 (Supp.2001).

8. *In re Arnold*, 193 B.R. 897, 901 (Bankr. W.D.Mo.1996); *In re Sartain*, 61 B.R. 1007, 1009 (Bankr.W.D.Mo.1986); *In re Crippen*, 36 B.R. 7, 9 (Bankr.E.D.Mo.1983).