CLARENCE J. NEPHLER, Appellant, v. T. L. ROW-
LAND *et al.*, Defendants; T. L. ROWLAND, In-
terpleader, Respondent; W. H. LAUNDER, Gar-
nishee.

Kansas City Court of Appeals, February 12, 1917.

1. **JUDGMENTS:** Exemptions: To be claimed when. Where a judgment debtor was *not* notified by the constable of his exemption rights as required by section 2184, R. S. 1909, he may claim such exemptions the first time he becomes aware of his exemption rights, provided the fund levied on is still in the custody of the court.

2. ———: Exemption Rights Fixed as of Time of Levy. A judgment debtor's exemption rights are fixed as of the time of the levy of the

execution and any change in his *status* between that time and the time when he asserts such rights, does not give him any additional or other rights.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

REVERSED AND REMANDED.

*' Clyde Wilcox,* and *Scarritt, Scarritt, Jones & Miller* for appellant.

*G. L. Wells* and *Noyes & Heath* for respondent.

BLAND, J.—This cause arose in a Justice court. Appellant sued respondent and others and judgment by default was rendered against them on June 10, 1912. On April 29, 1914, execution on said judgment was issued by the Justice, and on May 5, 1914, William H. Launder was summoned as garnishee. Thereafter the garnishee filed his answer stating that he owed dedendants nothing. A denial of the facts stated in said answer was filed by plaintiff and upon a trial, a judgment was rendered by the Justice in favor of the plaintiff and against the garnishee in the sum of two hundred, eighty and 8/100 ($280.08) dollars. The garnishee appealed from this judgment to the circuit court where the judgment against the garnishee was affirmed because of the latter's failure to give notice of his appeal, as required by law.

Execution on said judgment was issued directed against the garnishee, and as a result thereof said Launder, garnishee, on May 25, 1915, paid to the sheriff of Jackson County the sum of three hundred, twelve and 73/100 ($312.73) dollars, and on June 8, 1915, the sheriff, after deducting his costs, turned over to the clerk of the circuit court the sum of two hundred, ninety-six and 88/100 ($296.88) dollars. Thereupon, on June 8, 1915, the date on which said money was paid to the clerk of the circuit court, respondent, T. L. Rowland, one of the defendants in the original cause in which said Launder was summoned as garnishee, filed

in the circuit court an interplea stating that at the time of the filing of the action against him, upon which execution was issued and said Launder garnished, he was, and ever since had been and at the time of the filing of said interplea was, the head of a family, resident of Jackson County, Missouri; that he had no personal property, etc., and claiming the said two hundred, eighty and 8/100 ($280.08) dollars under the exemption statute as money belonging to interpleader and garnished in the hands of said Launder.

The court below, after a trial upon said interplea, found that Rowland was entitled to his exemptions as prayed, and allowed the same as of the time he filed his interplea, and not as of the time of the levy of the execution.

Appellant claims that the court erred in its action and gives two reasons therefor. First, that respondent waived his right to claim his exemptions by failing to make such claim at the time of the levy by the constable, or within a reasonable time thereafter; Second, that the respondent's right to claim the fund in question as exempt from execution must be determined according to his exemption status at the time of the levy of the execution, and not at the time of the filing of his interplea.

Section 2184, Revised Statutes 1909, requires the officer in whose hands any execution may come to apprise the defendant of his exemption rights. It is mandatory on the officer to give this notice. [State v. Romer, 44 Mo. 99; State ex rel. Bellemere v. O'Neill, 78 Mo. App. 20.] In this case the defendant, T. L. Rowland, was not notified, either by the constable or sheriff, of his exemption rights. Under these conditions the defendant, T. L. Rowland, could claim such exemptions the first time he became aware of his exemption rights, provided the fund levied on was still in the custody of the court. [Rolla State Bank v. Borgfeld, 93 Mo. App. 62.]

The Statute allowing exemptions was passed to relieve poor debtors, and being benevolent in its nature,

must be liberally construed. [Wagner v. Furniture & Carpet Company, 63 Mo. App. l. c. 209.] Appellant claims, and the record shows, that defendant T. L. Rowland, did have knowledge that Launder had been summoned as a garnishee, and that such knowledge came to him on a date shortly after service of garnishment. By a reading of the statutes it is seen that it is necessary that said defendant should not only have notice of the garnishment but that he must have been apprised of his rights of exemption. There is no evidence that said defendant ever was apprised of his exemption rights or that he ever knew of them until he filed his interplea in the circuit court. The defendant, T. L. Rowland, not having been previously apprised of his exemption rights, the trial court properly permitted him to interplea and to set up such rights.

After having permitted said defendant to interplea, was the court right in holding that his status with reference to his exemptions was to be fixed at the time of the filing of such interplea instead of at the time of levying of execution?

Section 2180, Revised Statutes 1909, provides that "the following property when owned by the head of a family shall be exempt from attachment and execution," and section 2183 provides that "each head of a family at his election, in lieu of . . . , may select and hold exempt from execution . . . ." Section 2184 provides that, "It shall be the duty of the officer in whose hands any execution may come, before he shall levy the same, to apprise the person against whom such execution has issued of the property exempt under sections 2179, 2180 and 2183, and his right to hold the same as exempt from attachment and execution."

From a reading of the foregoing sections of the statutes it is apparent that the language "exempt from execution" and "hold exempt from execution" and "property exempt" from execution fixes the debtor's rights as of the time of the levy. [Martin v. Barnett, 158 Mo. App. l. c. 393; Caldwell v. Renfro, 99 Mo. App. l. c. 380.] Giving that beneficent interpretation to the

statute for which it calls, we have, for the reasons given, *supra*, permitted defendant, Rowland, to interplea long after the levy of the execution and garnishment. However, the statute could not be given any rational interpretation that would permit a debtor, by changing his *status* even with no intention of evasion, to get something other than the law gives him at the time of the levy. While we may restore to the debtor the rights he had at the time of the levy, we cannot give him any additional or other rights simply because the constable failed in his duty. It follows that defendant's exemption rights were fixed as of the time of the levy of execution.

As the Justice found that the money garnished was that of defendant, Rowland, and the judgment of the Justice having been affirmed by the circuit court, the latter, on trial anew, should so regard the fund in its custody.

The judgment is reversed and the cause remanded. All concur.