**In the Matter of Deborah F. CRIPPEN, Debtor.**

**Bankruptcy No. 83–00913(3).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 18, 1983.

Robert J. Blackwell, St. Louis, Mo., for debtor.

John V. LaBarge, Jr., Kirkwood, Mo., Trustee.

## MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The hearing upon the trustee's objections to the debtor's claim of exempt property was called on July 22, 1983. The debtor appeared in person and by counsel and presented certain testimony concerning her claim to be the head of a family; concerning her claim of a homestead in an unimproved parcel of real property; and concerning her claim for unpaid child support payments.

## I

The real property here consists of five acres of land in Potosi, Missouri, which were purchased by the debtor and her present husband, Michael Crippen, before the couple was married. At bankruptcy, the land remained titled in the name of Michael Crippen and Deborah Santhuff (debtor's previous name). The debtor testified that she and Mr. Crippen had always intended to use the property as their residence; that they planned to move a mobile

home to the site; that they had recently begun to clear a small area for that purpose; that it would cost about $1,000.00 to sink a well on the property; that no utilities are presently available at the location; and that a secured creditor is in the process of repossessing the mobile home that the couple had intended to use as their residence at the Potosi location. She also stated that if they are unable to establish a residence on the five acres, they would attempt to liquidate their joint interests in the real property through a sale, and use the proceeds for family purposes.

Although the exemption laws are generally to be interpreted to benefit the debtor, initially the facts in each case must satisfy the requirements of law in order that the Court may determine the extent of the exemption claim. Section 513.475, R.S.Mo. 1982, permits an exemption of the homestead of every person consisting of a dwelling house and the land used in connection therewith, which is or shall be used by such person as a homestead. The reference to a future use of the property as a homestead is not without limitation. There must be not only a reasonable possibility that the land will be used as a homestead, but there must also be a bona fide intention to make the premises a homestead or a permanent residence. Although the most recent bankruptcy rules changes (which were not in effect at the time of this hearing) place the burden of proof upon the objecting party in these matters, the Court's decision upon the allowance of an exemption claim must include considerations of all the facts and circumstances in the case and not just the declarations of the parties. *Steve v. Haney,* 277 S.W.2d 632 (1955). The facts in this case indicate that the character of the land as unimproved real estate has changed little, if any, during the year following the creation of the debtor's interest; that basic utility services are not readily available; and that the threatened repossession of debtor's mobile home has removed the major reason for originally purchasing the property. Having considered the record as a whole, the Court finds that the intention

to make this unimproved real estate a homestead did not exist at bankruptcy, and that there was not then and there is not now a reasonable possibility this debtor will in the future convert the land to a permanent residence. Therefore, Mrs. Crippen does not qualify for the homestead exemption pursuant to Section 513.475, R.S.Mo. 1982.

## II

The trustee has also objected to the debtor's claim to be the head of a family. The debtor is currently unemployed; and she was unemployed on May 24, 1983, when the bankruptcy case was filed. She is presently married and the mother of three children by a previous marriage; apparently the children reside with her at all times except when they visit their father. Although the children's father has been ordered to pay $360.00 per month as child support, the debtor testified that the payments are "several months" in arrears. The debtor's family's sole source of support is the income generated by Mr. Crippen, her present husband. All household expenses, including food and clothing for the children, are paid for by Mr. Crippen. The debtor testified that only a small amount of money has been received from the children's father during the last year. Upon careful review of the record as a whole, the Court finds that the only basis for the debtor's claim as head of a family is the fact that she now has custody of her three children.

The designation of an individual as the head of a family pursuant to Section 513.440, R.S.Mo.1982, is based primarily upon economic considerations. The monetary benefits which can be derived from this exemption are intended to preserve the family unit. In most situations there can be only one head of a family under Section 513.440. The family unit in the case at bar is composed of the debtor, her spouse, and the three children by a former marriage.

Considering all the factors presented in this bankruptcy case, the Court must conclude that, for purposes of Section 513.440, the head of the family unit of which this debtor is a member is, at law, not this debtor.

As a Court of equity, the Bankruptcy Court cannot ignore a debtor's request to consider all the circumstances as they may exist in each case involving a claim for status as head of a family. The debtor has testified that the mobile home in which the family now resides is titled in her name only; that their financial problems were increased when Mr. Crippen was unemployed (prior to this bankruptcy); and although the payments on the mobile home note are in arrears, the payments on the five-acre tract have continued to be made and are almost complete. The fact that the land payments are current is an important consideration in this case, because the debtor has scheduled only two creditors in her bankruptcy papers: the holder of the lien on the mobile home, and the holder of the deed of trust upon the real property. The debtor has scheduled the value of the mobile home at $12,000.00 less than the outstanding balance due at bankruptcy. The market value of the debtor's interest in the real property is listed at $3,500.00, which suggests an equity to this estate in the amount of $3,200.00 after deduction of the balance due upon the note.[1]

Therefore, since the deed of trust note will be paid in full within several weeks, the only creditor to be affected by this bankruptcy case is the holder of the lien upon the mobile home.

On cross-examination by the trustee's attorney, the debtor testified that Mr. Crippen had purchased the real estate for the benefit of himself, the debtor, and the debtor's three children. During re-direct examination, she stated that, in fact, a portion of a $4,000.00 inheritance from her father's estate had been used to buy the trailer, and a portion had been used to acquire the land.

---

1. The debtor testified that the real property was purchased in 1982 for the sum of $3,000.00. Although the schedules fix the value of her interest at $3,500.00, it is possible that her interest is limited to one-half of $3,500.00, which would reduce the estate interest to $1,450.00.

The record does not indicate the amount of her separate monies which may have been applied to the two purchases. It is clear, however, that the debtor elected to make payments to the deed of trust holder, while foregoing payments upon the mobile home note. It might be argued that these actions are part of the debtor's pre-petition exemption planning strategy which may be recognized under the Bankruptcy Code. Without deciding the merits of that argument, it is clear that no matter how complex pre-petition exemption planning may be, a debtor may not be granted an exemption to which he or she is not legally entitled. Here, the debtor appears to have favored one creditor to the prejudice of another creditor, and now is attempting to discharge the prejudiced creditor and keep the equity which, in part, resulted from the pre-petition choice of creditors.

Under these circumstances, when the bankruptcy proceeding is being used to discharge a single creditor's obligation, and when pre-petition funds which may have been available to reduce that single creditor's obligation were used to preserve and enhance the debtor's assets, equity will not permit the Court to disregard the facts and create an exemption in those assets in favor of the debtor, when such exemption does not otherwise exist.

### III

■ The debtor has also testified that her former spouse is several months in arrears in his payments for child support. She estimated that the total amount due is approximately $3,000.00, and that she was taking steps to attempt to collect some portion of the unpaid monies. The record does not suggest any other basis upon which she should be denied her claim of exemption in these monies. Therefore, the Court finds and concludes that the unpaid child support payments are, in fact, reasonable and do not exceed $500.00 per month. The trustee's objection in this instance is being denied.