**In re Jaqueline Lee DENNISON, Debtor.**

**Bankruptcy No. 90-20411-399.**

United States Bankruptcy Court,
E.D. Missouri, N.D.

July 30, 1991.

Fredrich J. Cruse, Vicki A. Dempsey, Hannibal, Mo., Trustee, and atty. for trustee.

Robert Clayton II, Hannibal, Mo., for debtor.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(B).

### DISCUSSION

This matter comes before the Court on the Trustee's Objection to Debtor's Claim of Homestead Exemption filed by trustee Fredrich J. Cruse (the "Trustee"). On May 11, 1981, Edna H. Miller, grandmother of the Debtor, conveyed her homestead at 508 Oak Street in Hannibal, Missouri ("the Property") to debtor Jaqueline Lee Dennison (the "Debtor") for "Ten Dollars ($10.00) and other valuable consideration" (Debtor's Exhibit A), reserving for herself a life estate in the Property. Edna Miller is currently ninety-four (94) years old. Regarding the Property, the Debtor, who is currently forty-five (45) years old, testified that she grew up with her grandmother and lived on the Property for her first twenty-nine (29) years. Thereafter she lived on the Property infrequently, most recently two years ago for a period of two weeks. While the Debtor currently resides at 615 North Hawkins in Hannibal, she has a number of personal items stored at the Property, visits there frequently, keeps animals there, and has helped with minor repairs. Although she has discussed repairs of the Property with her grandmother, she has not contributed to the cost of any substantial repairs and has paid none of the taxes relating to the Property. In her Schedule B–4, the Debtor claims the Property exempt as a homestead pursuant to R.S.Mo. § 513.475. In paragraph seven of her Statement of Financial Affairs, the Debtor states:

> This is my homestead; I own remainder interest in the property, subject to grandmother's life estate, and I grew up in this house. I intend to make this my home when my grandmother is no longer able to reside there alone or dies.

In addition, the Debtor testified that she has never intended to acquire a homestead other than the Property. The Trustee objected to the Debtor's homestead exemption, arguing that because she does not reside in the Property, she is not entitled to claim such exemption.

The issue before this Court is whether the holder of a future interest in residential property, in which she does not reside but intends to occupy upon either the expiration of the preceding life estate or the incapacity of its holder, may claim a homestead exemption in such property. R.S.Mo. § 513.475(1) provides in pertinent part:

> The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of eight thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution....

Generally, in Missouri a "homestead" entails ownership plus occupancy. *In re Robinson*, 75 B.R. 985, 988 (Bankr.W.D.Mo. 1987). However, occupancy is not an absolute prerequisite to claiming a Missouri homestead exemption. *In re Turner*, 44 B.R. 118, 120 (Bankr.W.D.Mo.1984). (citing *Murray v. Zuke*, 408 F.2d 483, 485 (8th Cir.1969)). In *State v. Haney*, 277 S.W.2d 632, 637 (Mo.1955), the Missouri Supreme Court stated:

> To establish a homestead there must be a bona fide intention of making the premises a homestead or permanent residence

of a family. That intent must be determined from a consideration of all the facts and circumstances in the case, and not merely from the declaration of the parties.

Following the precedent of *Haney,* Judge Barta concluded that in order to qualify for a Missouri homestead exemption of unimproved real estate, a debtor must prove both an intention to make the unimproved real estate a homestead and a reasonable possibility that the debtor will convert the land to a permanent residence. *Matter of Crippen,* 36 B.R. 7, 8–9 (Bankr.E.D.Mo. 1983).

While the above cases provide general principles regarding R.S.Mo. § 513.475, each is factually quite distinguishable from the instant case. In *State v. Haney, supra,* the court, in a proceeding to set aside a judgment of forfeiture of recognizance, examined the meaning of the terms "family" and "head of family" in the context of the statute. *In re Turner, supra,* presented the issue of whether a debtor's rental of her trailer and land constituted an abandonment of her homestead which precluded her from claiming both under the Missouri homestead exemption. Finally, *Matter of Crippen, supra,* involved the issues of whether the debtor may claim a homestead exemption on unimproved, vacant land and whether such debtor was "head of a family" within the meaning of the statute.[1] Thus, the Court enjoys little if any precedential guidance in resolving the issue presented in the instant case.

▆▆▆ Having reviewed the case law of other states regarding the requirements necessary for claiming a homestead exemption, which varies a great deal, this Court holds that in order to claim a homestead exemption pursuant to R.S.Mo. § 513.-475(1), a debtor must 1) occupy the qualified exempted property or 2) exhibit both an intent to occupy such property, and an ability to control or strongly influence the time of occupation. An intent to occupy

the premises must be exhibited by both a declaration of such intent and overt acts in support of such intention. *See, e.g., Matter of Claflin,* 761 F.2d 1088 (5th Cir.1985) (citing *Cheswick v. Freeman,* 155 Tex. 372, 376, 287 S.W.2d 171, 173 (Tex.1956)); *In re Jones,* 107 B.R. 350, 351–52 (Bankr. E.D.Okl.1989) (citing *Enosburg Falls Savings Bank & Trust Company v. McKinney,* 172 Okl. 298, 44 P.2d 987 (1935)). Regarding the debtor's control over the time of occupation, the debtor must prove that such occupation is either imminent or reasonably close in time and is neither indefinite nor incapable of measurement. This may be judged on a case-by-case basis. Where the debtor seeks to claim unimproved land under the homestead exemption, as was the case in *Matter of Crippen, supra,* the debtor must also prove that such a change in the land is practicable and feasible physically as well as financially for the debtor.

▆▆▆ Applying this test to the instant case, the Debtor, given that she does not presently occupy the Property, must prove her intent to occupy the premises and that such occupation will occur in the reasonably near future. This Court finds that the Debtor has failed to satisfy the second prong of the test. She has declared her intention to make the Property her homestead upon the death or incapacity of her grandmother, and the Court finds her regular visits to the Property, helping with minor maintenance and repair, keeping of animals, and storage of some personal items on the premises sufficient on their face to support her declaration of intent. However, the Court notes the indefiniteness of the time in which the Debtor might occupy the Property. Certainly the death or incapacity of her grandmother, despite her advanced age, is incapable of calculation. As such, the Court concludes that the Debtor is rendered unable to prove that her occupation of the Property is either imminent or

---

1. In addition, the Court also finds the following cases cited by the Debtor distinguishable from the instant case: *Murray v. Zuke,* 408 F.2d 483 (8th Cir.1969) (May divorced father living apart from children whom he supports claim a home-

stead exemption in property in which children live?); *In re Burns* 73 B.R. 13 (Bankr.W.D.Mo. 1986) (discussing ability of trustee to sell property in which debtor had life estate and consequent valuation of life estate).

reasonably close in time. Thus, the Debtor is not entitled to claim the Property under a homestead exemption. Accordingly, it is

ORDERED THAT the Trustee's Objection to Debtor's Claim of Homestead Exemption is SUSTAINED.