**In re Douglas Devaungh SCHISSLER, Jr., Debtor.**

**Bankruptcy No. 00–50400–JWV.**

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

July 13, 2000.

Bruce E. Strauss, Kansas City, MO, for debtor.

Jere L. Loyd, St. Joseph, MO, trustee.

## MEMORANDUM OPINION AND ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS

JERRY W. VENTERS, Bankruptcy Judge.

This matter comes before the Court on the Objection to Exemption filed by the

Chapter 7 Trustee, Jere L. Loyd ("Trustee"), with respect to the Debtor's claim of exemption pursuant to Mo.Rev.Stat. § 513.475 in a $5,000.00 money judgment in favor of the Debtor. For the reasons stated herein, the Court will sustain the Trustee's Objection and disallow the exemption claimed by the Debtor, Douglas Devaungh Schissler, Jr. ("Debtor").

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding arising under Title 11, United States Code, pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## FACTUAL BACKGROUND AND FINDINGS

The Debtor filed his Chapter 7 petition in this Court on May 25, 2000. In Schedule C of his bankruptcy schedules, he claimed a $5,000.00 exemption for the purported equity in his former residence, pursuant to Mo.Rev.Stat. § 513.475, which provides, in pertinent part:

> The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of eight thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution.

Mo.Rev.Stat. § 513.475.1.

The Trustee and counsel for the Debtor stipulated in open court that the Debtor does not occupy the residence in which the homestead exemption is being claimed. Instead, the Debtor bases his claim to the exemption on the Judgment Decree for Dissolution of Marriage ("Dissolution Decree") entered by the Platte County Circuit Court on April 11, 2000, a copy of which has been received in evidence by the Court.[1] Paragraph 12 of the judgment portion of the Dissolution Decree provides:

> 12) That petitioner, Douglas DeVaughn Schissler, Jr., is awarded in lieu of an award of specific marital property, the amount of $5,000.00, which shall be paid to him by Respondent, Melissa Marie Schissler, within 180 days of this order; said award shall not bear interest if paid before or when due. If not paid, said amount shall bear interest at the statutory rate and Petitioner shall have a judgment against Respondent in the amount of $5,000.00 plus any statutory interest that may be due and in default of payment thereof, let execution issue.

Since the parties did not offer any testimony at the hearing on the Trustee's Objection, the Court must gather some of the relevant background facts from the Dissolution Decree. Our examination of the Decree reveals that the Debtor and his then-wife, Melissa Marie Schissler ("Melissa"), separated on or about June 20, 1998, and that they had one minor child, born in 1991, who was in Melissa's custody. During the marriage, the couple acquired a marital residence at 7612 NW 70th Street, in Kansas City, Missouri. The divorce court found, *inter alia:* (1) that the home was purchased with a $2,500.00 advance from Melissa's retirement account; (2) that Melissa re-occupied the house in December 1998 (apparently after a period of separation from the Debtor); (3) that Melissa had allowed a male friend with whom she has an intimate relationship to move into the marital home; (4) that the male friend provided money for food, utilities, and house payments, among other things; and (5) that the Debtor had not assisted with the mortgage payments during that time. The divorce court also found that all interests in the marital home should be awarded to Melissa as her sole and separate property, "free from any claim thereon by Petitioner [the Debtor herein]."

---

**1.** The Debtor's middle name is spelled "Devaungh" throughout the bankruptcy documents in the Court's file. However, it is spelled "DeVaughn" in the Dissolution Decree. In this Court's experience, the latter spelling is the more conventional and the Court is inclined to believe that it is the correct spelling.

## DISCUSSION

 There is no question that exemption laws are enacted for the relief of the debtor and are to be liberally construed in favor of the debtor. *Murray v. Zuke*, 408 F.2d 483, 486 (8th Cir.1969) (citing *Nephler v. Rowland*, 195 Mo.App. 386, 191 S.W. 1033, 1034 (1917)); *In re Galvin*, 158 B.R. 806, 807 (Bankr.W.D.Mo.1993) (citing *Prouty v. Hall*, 31 S.W.2d 103 (Mo.Ct.App. 1930)). As a general rule, a "homestead" in Missouri entails ownership plus occupancy. *In re Dennison*, 129 B.R. 609, 610 (Bankr.E.D.Mo.1991); *In re Robinson*, 75 B.R. 985, 988 (Bankr.W.D.Mo.1987). However, occupancy is not an absolute prerequisite to a valid claim of a homestead exemption; alternatively, the debtor may establish a valid homestead exemption claim if there is "a bona fide intention of making the premises a homestead or permanent residence of a family." *State v. Haney*, 277 S.W.2d 632, 637 (Mo.1955). "That intent must be determined from a consideration of all the facts and circumstances in the case, and not merely from the declaration of the parties." *Id.*

 The Honorable Barry S. Schermer of the Bankruptcy Court for the Eastern District of Missouri summarized the requirements for claiming a homestead exemption in Missouri as follows:

> [I]n order to claim a homestead exemption pursuant to R.S.Mo. § 513.475(1), a debtor must 1) occupy the qualified exempted property or 2) exhibit both an intent to occupy such property, and an ability to control or strongly influence the time of occupation. An intent to occupy the premises must be exhibited by both a declaration of such intent and overt acts in support of such intention.... Regarding the debtor's control over the time of occupation, the debtor must prove that such occupation is either imminent or reasonably close in time and is neither indefinite nor incapable of measurement. This may be judged on a case-by-case basis.

*In re Dennison*, 129 B.R. at 611 (citations omitted).

 Applying these basic rules to the case at hand, it is clear that the Trustee's Objection to the Debtor's claim of a homestead exemption must be sustained, for several reasons.

First, we have neither ownership nor occupancy of the homestead property, the two basic requirements for a valid homestead exemption. The Dissolution Decree divested the Debtor of all right, title, and interest in the marital real property and awarded that property to Melissa Schissler, the Debtor's former wife. Presumably, the divorce court's statement that the property was awarded to Melissa free from *any claim* of the Debtor encompassed the homestead exemption as well as any other claims which the Debtor might have had the legal right to assert. Therefore, the Debtor has no ownership interest in or claim to the property.

Second, as to occupancy, the Divorce Decree makes it clear that the Debtor has not occupied the property since approximately December 1998. Instead, the property has been occupied by Melissa and a male friend, and they have made the mortgage payments on the property without any assistance from the Debtor. As noted above, the Debtor has conceded that he does not occupy the property and has not for some time.

 Third, the Debtor has not exhibited an intent to reoccupy the marital residence, and in fact counsel for the Debtor conceded that the Debtor will not be able to reoccupy the property because the property was awarded to the ex-wife and she resides in the home. In order to preserve and continue the homestead exemption, the intention to return must be formed at the time of the removal from the premises. *Duffey v. Willis*, 99 Mo. 132, 132, 12 S.W. 520, 521 (Mo.1889). Actual removal from the homestead, with no intention to return, amounts to a forfeiture of the right to claim the homestead exemp-

tion as against creditors and purchasers, even though no new homestead is acquired. *Kaes v. Gross*, 92 Mo. 647, 655, 3 S.W. 840, 842 (Mo.1887). In this case, there is no evidence that the Debtor left the marital residence with any intention, formed at the time he left, of ever returning. Therefore, he cannot claim any equity he might have in the marital residence as exempt.

Nevertheless, the Debtor argues that he should be allowed to claim as exempt the $5,000.00 awarded to him in the Divorce Decree because that award represents his purported equity in the marital residence. That argument is refuted by the Divorce Decree itself. The Divorce Decree states that the Debtor should receive $5,000.00 "in lieu of an award of specific marital property." Nowhere does the Divorce Decree state that the award of $5,000.00 is being awarded in compensation for the Debtor's equity in the residence; to the contrary, the $5,000.00 award was in lieu of an award of *any specific* marital property, which would include the marital residence. In short, there is nothing in the Divorce Decree that would link the marital residence to the $5,000.00 awarded to the Debtor. The Debtor does not have any equity in the marital property; he simply has a judgment of $5,000.00 in his favor and against his ex-wife (which would be secured by a judgment lien on the marital residence).

Finally, the Debtor argues that he should be permitted to claim the homestead exemption, as purportedly represented by the $5,000.00 judgment award, because he has, in effect, been forced to leave the marital homestead property. Once again, the Divorce Decree does not support the Debtor's argument. The Divorce Decree instead indicates that the Debtor has not occupied the marital residence since December 1998 and has not contributed toward payment of the mortgage thereon since that time. There is nothing in the record to indicate that the Debtor was forced to give up the residence; as a co-owner of the property, he had as much right to continue to occupy the property as Melissa did, but he apparently chose not to do so.

In summary, the Debtor has failed to demonstrate his entitlement to a homestead exemption in the $5,000.00 judgment awarded him by the Platte County Circuit Court. He does not have an ownership interest or equity in the marital residence, he does not occupy the property, and he does not intend to occupy the property at any time in the future.

Therefore, it is

**ORDERED** that the Trustee's Objection to Exemption is hereby SUSTAINED, and the Debtor's claim of a $5,000.00 exemption pursuant to REV.MO.STAT. § 513.475, is hereby disallowed. The Debtor is granted 15 days in which to file an Amended Schedule C to claim other statutory exemptions in the $5,000.00 judgment, if he wishes to do so.

**SO ORDERED.**