**In re John Michael RESLER, Lou Ann Resler, Debtors.**

**No. 01–14063.**

United States Bankruptcy Court, D. Kansas.

Aug. 19, 2002.

Bruce A. Swenson, Derby, KS, for Debtors.

Mary E. May, Wichita, KS, trustee.

## MEMORANDUM OPINION AND ORDER

ROBERT E. NUGENT, Bankruptcy Judge.

Debtors John Michael and Lou Ann Resler filed this chapter 7 case on August 23, 2001, after John's most recent wages in the amount of $2,943.24 and an income tax refund of $200 were deposited in their bank account. The wages were deposited by electronic funds transfer and the tax refund was manually deposited. At the time of filing $1,592,86 remained in their account. Debtors claimed this amount as exempt wages under Kan.Stat.Ann. § 60–2310 (Supp.2001) and the trustee timely objected. The trustee asserted first, that Kan.Stat.Ann. § 60–2310 (Supp.2001) does not create a wage exemption, contrary to this Court's prior holding in *In re Urban*[1] and second, that once wages are deposited in an account, they lose their exempt character as wages.

The Court has jurisdiction over this case. This is a core proceeding.[2] The parties stipulated to the governing facts in this controversy and submitted the matter on briefs. After careful review of the controlling authorities and record, this Court concludes that the trustee's objection should be sustained for the reasons set out below.

The trustee expends considerable effort to convince this Court that its prior decision in *Urban* should be "corrected" to hold that Kan.Stat.Ann. § 60–2310 (Supp. 2001) does not create an exemption for wages. This Court is no less convinced now than it was at the time *Urban* was decided, that the statute does indeed create a partial exemption in a debtor's wages. As discussed in *Urban*, the current form of Kan.Stat.Ann. § 60–2310 was enacted in 1970 and replaced a wage exemption statute, some version of which had been in effect in Kansas since the Territorial Laws were enacted in 1858.[3] Kansas has a strong tradition of liberal exemptions and nothing in either the text or the legislative history of Kan.Stat.Ann. § 60–2310 suggests any intention by the Kansas legislature to eliminate this exemption. It is particularly clear from a reading of Kan. Stat.Ann. § 60–717(c) (Supp.2001), which limits the scope of a wage garnishment order to the nonexempt portion of such wages and further defines "nonexempt" wages as those not protected by Kan.Stat. Ann. § 60–2310, that the latter enactment is indeed an "exemption," and not merely a "restriction" as argued by the trustee here. This Court addressed this issue extensively in *Urban* and considers it unnec-

---

**1.** 262 B.R. 865 (Bankr.D.Kan.2001).

**2.** *See* 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B).

**3.** 262 B.R. at 867.

essary to restate at length its analysis therein.[4]

The trustee's second argument, that deposited earnings are not exempt from garnishment as wages, whether or not they are commingled, is not so easily resolved. In *Urban*, this Court made the gratuitous comment, unnecessary to the final decision in that case, that until deposited wages are commingled or become untraceable, they retain their exempt character as wages and retain the protection of KAN.STAT.ANN. § 60–2310.[5] It was stated in *Urban*:

> This Court fails to see how an "exemption" of wages which evaporates when those wages are deposited in a debtor's bank account represents meaningful debtor protection.

262 B.R. at 870. While the Court continues to question the efficacy of a wage exemption which does not follow wages deposited into an account, it is convinced upon further review of the garnishment and exemption statutes that the *Urban* dicta was ill-advised and should not be followed in this case.

The facts of this case differ from those in *Urban*. In *Urban*, the debtor's prepetition earnings were paid and deposited *after* the date of filing the bankruptcy petition. The legal process effected by the filing of the bankruptcy case occurred before the earnings were paid. Here, the debtors carried into bankruptcy cash deposits derived from the debtors' pre-petition earnings and a tax refund. Because the debtor's earnings in *Urban* were still in the employer's hands at the time of filing, a garnishing creditor could only have reached them by filing a "wage garnishment" as that term is defined in KAN. STAT.ANN. § 60–2310 and as described in the second paragraph of KAN.STAT.ANN.

§ 60–717(c). In contrast, Resler's earnings could have been reached by a garnishing creditor serving a non-wage garnishment order on the debtors' bank under the first paragraph of KAN.STAT.ANN. § 60–717(c). The fact that the legislature differentiated between wage and non-wage garnishments and further made the reference in KAN.STAT.ANN. § 60–2310 applicable only to wage garnishments suggests clear legislative intent that non-wage funds are to be treated differently and that "paid and deposited" earnings are not subject to the same exemption protection afforded wages which have been earned but remain in the hands of the payor.

KAN.STAT.ANN. § 60–717(c)'s reference to wage garnishments includes the express provision that:

> An order of garnishment issued for the purpose of attaching earnings … shall have the effect of attaching the nonexempt portion of the defendant's earnings…. Nonexempt earnings are earnings which are not exempt from wage garnishment pursuant to K.S.A. 60–2310….

On the other hand, KAN.STAT.ANN. § 60–717(c)'s reference to non-wage garnishments expressly provides that a garnishment—

> issued to attach any property, funds, credits, or other indebtedness belonging to or owing the defendant, other than earnings, shall attach (1) all such property of the defendant which is in the possession or under the control of the garnishee … at the time of service of the order and (2) all such property coming into the possession or control of the garnishee and belonging to the defendant….

**4.** *See In re Urban,* 262 B.R. at 867–70.

**5.** 262 B.R. at 870.

From this language the Court concludes that the legislature clearly distinguished wage and non-wage garnishments and, wisely or not, did not provide any exemption from non-wage garnishments.

In fact, when Kansas opted out of the federal bankruptcy exemptions provided by 11 U.S.C. § 522(b)(1),[6] it rejected the Bankruptcy Code's "wild card" exemption of "any property" provided under § 522(d)(5).[7] This further supports the Court's conclusion that the legislature did not intend to make any portion of funds on deposit exempt, even if they were derived from earnings of the debtor. In summary, then, this Court holds that pre-petition earnings deposited in the debtor's bank account prior to the debtor's filing are not exempt wages under Kan.Stat.Ann. § 60–2310.

In so holding, this Court recognizes and reluctantly rejects the contrary authority of a number of sister courts, including the Bankruptcy Courts of Colorado and the Western District of Missouri, which appear to recognize and permit tracing to determine whether the deposited funds were derived from wages.[8] Both states have wage exemption statutes similar to Kan. Stat.Ann. § 60–2310; indeed, Missouri's

version is almost identical.[9] This Court questions whether leaving earnings on deposit in a debtor's bank account subject to garnishment "elevates form over substance."[10] Nevertheless this Court must restrain itself from rewriting the Kansas garnishment and exemption laws no matter how well-meaning or rational its impulses. That job is the legislature's alone.

Finally, the Court notes that these debtors were not without a remedy. They could have disposed of pre-petition wages in their account prior to filing this case by paying current household expenses and buying groceries, clothing, and other exempt items they needed. While the advent of electronic fund transfers to effectuate the payment of wages makes it more difficult for debtors to know when or if they have been paid at any given time, the potential consequence debtors will suffer if they file bankruptcy while still holding a substantial portion of current pay makes the timing of filings even more critical. Debtors would be well-advised to not file their bankruptcy petitions before their current pay has been deposited and spent, and before their checks have cleared. Otherwise, the

---

**6.** See Kan.Stat.Ann. § 60–2312(a) (1994).

**7.** The "wild card" exemption allows a debtor to exempt up to $925 in any property plus up to $8,725 of unused homestead exemption as conferred on debtors by § 522(d)(1).

**8.** See In re Kobernusz, 160 B.R. 844, 847 (D.Colo.1993) (Following Colorado case law that earnings do not lose their identity as such when deposited in bank account); In re Nye, 210 B.R. 857, 859 (D.Colo.1997) (Debtor failed to show that any funds in checking account came from debtor's earnings but recognizing principle that earnings deposited into the checking account would not change the nature of the funds); In re Arnold, 193 B.R. 897, 900 (Bankr.W.D.Mo.1996) (Debtor's pre-petition earnings were deposited into an account four days after bankruptcy filing and

therefore, the exempt status attached to the pre-petition earnings at the time of filing).

**9.** But, unlike Kansas, Missouri also has a wild card exemption. The Court would further note that Arnold is factually similar to In re Urban in that pre-petition earnings were deposited post-petition into debtor's bank account. In both instances, the deposited wages were exempt. As noted previously, this case is factually distinguishable from Arnold and Urban because this case involves pre-petition earnings deposited in an account pre-petition.

**10.** See In re Arnold, 193 B.R. at 900 ("It elevates form over substance to claim that the check in [debtor's] hand was wages, but the check in his checking account was not.").

**250**

unfortunate result reached here today will befall debtors going forward. Until such time as state law emphatically recognizes an exemption in deposited wages, they will remain non-exempt and therefore a part of the bankruptcy estate to be disbursed for the benefit of creditors. Accordingly, the trustee's objection to exemption is sustained and any part of the funds in dispute which remain in the actual possession of debtors or on deposit in their account should be turned over to the trustee forthwith.

IT IS SO ORDERED.