**In re James G. DIXON, Debtor.**

No. 05–40972–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

July 8, 2005.

422

Stuart Jay Radloff, St. Louis, MO, for debtor.

A. Thomas DeWoskin, St. Louis, MO, for trustee.

### ORDER

DAVID P. McDONALD, Bankruptcy Judge.

This case is before the Court on Trustee's objection to Debtor's attempt to exempt $15,000.00 that his ex-spouse owes him pursuant to a divorce decree (the "Divorce Decree") under Missouri's homestead exemption. Because there is no link between the $15,000.00 in dispute and Debtor's portion of the equity in the real property that is the subject of the Divorce Decree, the Court will sustain Trustee's objection.

The Circuit Court of St. Louis County (the "State Court") entered the Divorce Decree on December 14, 2004. The State Court awarded the marital home (the "Marital Home") to Debtor's ex-spouse in the Divorce Decree along with primary physical custody of the couple's four minor children. The Divorce Decree also allocated the remaining marital assets between Debtor and his ex-spouse. The Divorce Decree additionally ordered both parties to pay certain marital debts, but Debtor was required to pay the vast majority of those debts. The Divorce Decree finally directs Debtor's ex-spouse to pay Debtor $23,500.00 "as and for a division of marital property" (the "Lump Sum Award").

Debtor claims that $15,000.00 of the Lump Sum Award is exempt from execution by Trustee under Missouri's homestead exemption. Missouri has exercised its right under 11 U.S.C. § 522(b)(2) and requires Missouri residents to utilize Missouri's set of exemption when filing for relief under the Code. Mo.Rev.Stat. § 513.427. Thus, the Court will apply Missouri law to determine if Debtor may exempt the $15,000.00 in question.

Missouri law allows a judgment debtor to exempt up to $15,000.00 in value of any residence he uses as a homestead. Mo.Rev.Stat. § 513.475(1). Because the homestead must be a residence, the debtor generally must both reside and own the real property in question to claim the

homestead exemption. *In re Maloney,* 311 B.R. 525, 527 (Bankr.W.D.Mo.2004).

Here, there is no dispute that pursuant to the Divorce Decree, Debtor had moved out of the Marital Home prior to filing his petition for relief under Chapter 7 of the Code. It is also undisputed that Debtor has no intention of returning to the Marital Home. Thus, it is uncontroverted that Debtor does not reside in the Marital Property and that he does intend to return. Debtor, however, still claims that $15,000.00 of the Lump Sum Award is exemption from administration by Trustee under Missouri's homestead exemption because that amount represents his portion of the couple's equity in the Marital Home. The Court disagrees.

█ Before analyzing the substantive issues in question, the Court initially observes that Bankr.R. 4003(c) establishes a presumption in favor of the validity of any claim of exemption. The burden shifts to the debtor, however, to establish his entitlement to the claim of exemption once the trustee rebuts that presumption. *In re Rosen,* 318 B.R. 166, 169 (Bankr.D.Neb. 2004). And under Missouri law, the debtor's physical removal from the residence in question rebuts the presumptive validity of the homestead exemption. *Maloney,* 311 B.R. at 528. Therefore, because Debtor does not reside in the Marital Home, he bears the burden of establishing that he is entitled to exempt the $15,000.00 in question under Missouri's homestead exemption. The Court finds that Debtor has failed to meet this burden.

█ Missouri law does provide that a debtor may claim the homestead exemption with respect to the proceeds of the sale of his residence before he reinvests those proceeds into another residence if he can demonstrate his intent to make such a reinvestment within a reasonable time. *In re Huth,* 122 B.R. 724, 726 (Bankr.E.D.Mo. 1988). The debtor, however, must establish some link between the money at issue and the homestead in question. *In re Schissler,* 250 B.R. 697, 701 (Bankr. W.D.Mo.2000). Thus, if the money at issue is awarded in a divorce decree, the divorce decree itself must link the money with the debtor's equity in the homestead. *Id.*

█ Here, the Divorce Decree simply states that the entire Lump Sum Award was part of the State Court's division of marital property. Although the Divorce Decree did award Debtor's ex-spouse the Marital Residence, there is nothing in the Divorce Decree that links any portion of the Lump Sum Award to Debtor's portion of the equity in the Marital Home. The Court notes that the State Court may have awarded Debtor the Lump Sum Award for a number of reasons apart from allocating the equity in the Marital Home. For example, the State Court may have awarded Debtor the Lump Sum Award to offset the fact that it ordered him to pay the vast majority of the marital debt. The Court additionally notes that Debtor has failed to produce any evidence as to the amount, if any, of the couple's equity in the Marital Home at the time of the Divorce Decree.

Given this thin evidentiary record, any link between the Lump Sum Award and Debtor's portion of the equity in the Marital Home would be pure speculation. Therefore, the Court finds that Debtor has failed to establish that he is entitled to Missouri's homestead exemption with respect to any portion of the Marital Home. Therefore, the Court will sustain Trustee's objection. Accordingly,

**IT IS HEREBY ORDERED that** Trustee's Objection to Debtor's Claim of Exemption (Document No. 6) is **SUSTAINED.**