**CITY OF UNIVERSITY CITY, Missouri, et al., Appellants,**

v.

**AT & T WIRELESS SERVICES, INC., et al., Respondents.**

**No. SC 87208.**

Supreme Court of Missouri, En Banc.

Aug. 8, 2006.

---

Stephen M. Tillery, Steven A. Katz, Douglas R. Sprong, John W. Hoffman, Howard Paperner, St. Louis, John F. Mulligan, Jr., Cynthia L. Hoemann, Office of the County Counselor, Clayton, for appellants.

Todd W. Rushkamp, Elizabeth C. Burke, Joseph A. Gagnon, Kevin D. Mason, Shook, Hardy & Bacon, LLP, Kansas City, Stephen R. Clark, Kristin E. Weinberg, Mark Leadlove, Thomas Rea, Jennifer Aspinall, Mark J. Bremer, Kevin Sullivan, Gerard T. Noce, Amanda Mueller, Jordan B. Cherrick, Jason L. Ross, James H. Ferrick, III, Kirsten M. Ahmad, Jeffery J. Kalinowski, Christopher A. Perrin, James H. White, Special Assistant County Counselor, St. Louis, Edward F. Downey, Jefferson City, David B. Johnson, Sidley Austin Brown & Wood LLP, Terry F. Moritz, Roger A. Lewis, Stacy S. Arnold,

Stephen H. Locher, Chicago, IL, for respondents.

Robert L. King, St. Louis, for amicus curiae National Association for Consumer Advocates and The Foundation for Taxpayer and Consumer Rights, National League of Cities, The International Municipal Lawyers Association, The National Association of Telecommunications Officers and Advisors, Citizens for Tax Justice, and Missouri Chapter of The National Association of Telecommunications Officers and Advisors.

Erwin O. Switzer, III, St. Louis, for amicus curiae National Conference of State Legislators.

STITH, Judge.

This is an appeal of the trial court's dismissal of appellants' consolidated claims that the "Municipal Telecommunications Business License Tax Simplification Act" ("Act"), codified at 92.074 to 92.095, RSMo Supp.2005,[1] is unconstitutional in the manner in which it regulates and prohibits collection by municipalities of business license taxes on telecommunications companies for wireless service already provided by those companies before the law was enacted.

Appellants, St. Louis County, the City of University City, and various other municipalities (collectively "the Cities"), filed suits, which were consolidated by the circuit court in September 2005.[2] The suits were filed against numerous telecommunications companies, hereinafter referred to collectively as "Respondents."[3] After the governor signed the Act in July 2005, Respondents filed a motion for judgment on the pleadings or to dismiss the Cities' petition for declaratory and other relief.

In October 2005, the circuit court granted Respondents' motion to dismiss, declaring that House Bill 209 was constitutional and that it required dismissal of the consolidated case "without further showing." It further declared that Respondents were immune from past tax liability and then

---

1. The Act was included in House Bill 209. H.B. 209, 93rd Gen. Assem., 1st Reg. Sess. (Mo.2005); 2005 Mo. Laws 429. All statutory references are to RSMo Supp.2005, unless otherwise noted.

2. Other municipalities included the Missouri cities of Blue Springs, Cape Girardeau, Chesterfield, Dexter, Ellisville, Ferguson, Florissant, Gladstone, Independence, Jennings, Kirkwood, Manchester, Maplewood, Maryland Heights, Northwoods, O'Fallon, St. Joseph, Vinita Park, Warson Woods, Wellston, and Winchester, as well as various individuals.

3. Other defendants included: AT & T Wireless Services, Inc.; AT & T Wireless PCS, LLC; Alltel Communications, Inc.; Ameritech Mobile Communications, LLC; Bell Atlantic Cellular Holdings, LP; Bell Atlantic Personal Communications, Inc.; Cellco Partnership; Cingular Wireless, LLC; Cingular Wireless II, LLC; Cybertel Cellular Telephone Co.; Eastern Missouri Cellular Ltd. Partnership; GTE Consumer Services, Inc.; GTE Wireless, Inc.; GTE Wireless of Ohio, Inc.; GTE Wireless of the South, Inc.; JV Partnerco, LLC; Kansas City SMSA, LP; MC Cellular Corp.; MC Cellular, LLC; Missouri RSA 8 Ltd. Partnership; Missouri RSA 11/12 Ltd. Partnership; New Cingular Wireless PCS, LLC; Nextel Communications, Inc.; Nextel West Corp.; Nynex PCS, Inc.; PCSCO Partnership; PCS Nucleus, LP; Pacific Bell Wireless, LLC; Pacific Telesis Mobile Services, LLC; St. Joseph Celltelco; St. Joseph SMSA Ltd. Partnership; Southwestern Bell Mobile Systems, LLC; Southwestern Bell Wireless, LLC; Sprintcom, Inc.; Sprint Spectrum, LP; Telecorp Communications, LLC; Telecorp Communications, Inc.; T–Mobile USA, Inc.; United States Cellular Corp.; United States Cellular Operating Co., LLC; United States Cellular Operating Co. (USCOC) Greater Missouri, LLC; VS Washington Corp.; Verizon Wireless Services, LLC; Verizon Wireless (VAW), LLC; Voicestream Kansas City, Inc.; Voicestream PCS II Corp.; Wirelessco, LP; Peace Valley Cellular Telephone Co.; Cellular Mobile Systems of Missouri, Inc.

dismissed the Cities' original and amended petitions with prejudice.

The issues presented are substantially the same as those in *City of Springfield v. Sprint Spectrum, L.P.*, 203 S.W.3d 177, 2006 WL 2257073 (Mo. banc 2006), in which Springfield similarly asserts that the trial court erred in dismissing its suit for unpaid license taxes based on Sprint's claim that wireless service is not telephone service and that liability for wireless service taxes has been eliminated by the Act. In *City of Springfield*, with which this case was consolidated for purposes of oral argument, this Court held that section 92.086.10 is a special law in violation of the Missouri Constitution, art. III, sec. 40(30). Further, as this Court also noted in *City of Springfield*, because section 92.092 provides that if any substantive provision of sections 92.074 to 92.089 is invalid all such sections are invalid, sections 92.074 to 92.089 are invalid in their entirety. *City of Springfield's* holding applies equally here. The case is remanded for further proceedings in light of that decision.[4]

The judgment is reversed, and the cause is remanded.

WOLFF, C.J., TEITELMAN, LIMBAUGH, and WHITE, JJ., and BAKER and HOLLIGER, Sp.JJ., concur.

PRICE and RUSSELL, JJ., not participating.

---

4. *See also City of St. Louis v. Sprint Spectrum, L.P.*, 203 S.W.3d 199, 2006 WL 2256882 (Mo. banc 2006). Similarly, to the extent that issues regarding the standing or capacity of third-class or fourth-class cities to sue in their own name were preserved by Respondents, the trial court shall be guided by this Court's holding in *City of Wellston, Missouri & City of Winchester, Missouri v. SBC Commc'ns, Inc., et al.*, 203 S.W.3d 189, 2006 WL 2257024 (Mo. banc 2006) (No. SC87207, decided August 8, 2006).