CITY OF ST. LOUIS, Appellant,

v.

SPRINT SPECTRUM, L.P., Respondent.

No. SC 87400.

Supreme Court of Missouri, En Banc.

Aug. 8, 2006.

---

Mark Lawson, Office of St. Louis City Counselor, St. Louis, for appellant.

Stephen R. Clark, Kristin E. Weinberg, St. Louis, for respondent.

Robert L. King, St. Louis, for amicus curiae National Association for Consumer Advocates and The Foundation for Taxpayer and Consumer Rights, National League of Cities, The International Municipal Lawyers Association, The National Association of Telecommunications Officers and Advisors, Citizens for Tax Justice, and Missouri Chapter of The National

---

Association of Telecommunications Officers and Advisors.

Erwin O. Switzer, III, St. Louis, for amicus curiae National Conference of State Legislators.

STITH, Judge.

The City of St. Louis ("City") appeals the trial court's dismissal of its suit alleging that the "Municipal Telecommunications Business License Tax Simplification Act" ("Act"), codified at 92.074 to 92.095, RSMo Supp.2005,[1] is unconstitutional in the manner in which it regulates and prohibits collection by municipalities of business license taxes on telecommunication companies for wireless service already provided by those companies before the law was enacted.

For decades, the City has imposed a gross receipts business license tax on Sprint Spectrum, L.P. ("Sprint"), and on other providers of land and wireless telephone service in the City. The tax, sometimes referred to as a "Telephone Company Alternative Tax," is imposed pursuant to a City ordinance that states:

Telephone companies to pay tax. Every person now or hereafter engaged in a general telephone business in the City, providing both exchange, local, and toll or long distance, telephone service to its customers shall pay to the city a tax. . . .

Rev. Code of the City of St. Louis, sec. 23.34.010 (1980) (formerly sec. 154.010 (1960); ch. 55, sec. 83 (1948)).

The City claims Sprint has refused to file required statements and has not paid the gross receipt taxes, interest and penalties required under the ordinance. Seeking to enforce the application of its tax to the wireless telephone service Sprint had already supplied to its customers, the City filed suit against Sprint in November 2003.[2] Sprint countered that the tax did not apply to its wireless service because wireless service is not telephone service and that the Act necessitated the dismissal of the case because it prohibited suits for collection of unpaid business license taxes on wireless telephone service unless a city had sought to enforce such a tax and met certain other requirements prior to January 15, 2005, a requirement the City did not meet.

The issues presented are substantially the same as those in *City of Springfield v. Sprint Spectrum, L.P.*, 203 S.W.3d 177, 2006 WL 2257073 (Mo. banc 2006), in which Springfield similarly asserts that the trial court erred in dismissing its suit for unpaid license taxes based on Sprint's claim that wireless service is not telephone service and that liability for wireless service taxes has been eliminated by the Act. This Court's holding in *City of Springfield* that sections 92.074 to 92.089, RSMo Supp. 2005, are invalid applies equally here.[3]

1. All statutory citations are to RSMo Supp. 2005, unless otherwise specified. The Act was enacted as part of House Bill 209. H.B. 209, 93rd Gen. Assem., 1st Reg. Sess. (Mo. 2005).

2. Suit initially was filed against multiple telecommunications companies, which then removed the case to federal court. In July 2004, the federal court determined that as to Sprint only, the case must be sent back to state court due to a lack of diversity.

3. Two additional suits were filed by other Missouri cities against wireless and land service providers during that same period and are the subject of companion cases decided this day involving nearly identical claims as well as other issues. These cases, consolidated with *City of Springfield* and *City of St. Louis* for purposes of oral argument, are *City of Wellston, Missouri & City of Winchester, Missouri v. SBC Commc'ns, Inc., et al.*, SC87207, 203 S.W.3d 189, 2006 WL 2257024 and *City of University City, Missouri, et al. v.*

The judgment is reversed, and the cause is remanded.

WOLFF, C.J., TEITELMAN, LIMBAUGH, and WHITE, JJ., and BAKER and HOLLIGER, Sp.JJ., concur.

PRICE and RUSSELL, JJ., not participating.

*AT & T Wireless Servs. Inc., et al.,* SC87208, 203 S.W.3d 197, 2006 WL 2257066.