

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

MOLLY KRUSE,                              )          No. ED111172
                                         )
          Respondent,          )          Appeal from the Circuit Court
                                         )          of St. Charles County
vs.                                      )
                                         )          Honorable Rebeca M.
JONATHAN R. KARLEN, ET AL.,              )          Navarro-McKelvey
                                         )
          Appellant.           )          FILED: February 13, 2024

### Introduction

Jonathan R. Karlen ("Appellant") appeals from the trial court's grant of final summary judgment to Molly Kruse ("Respondent"). Due to numerous fatal briefing deficiencies under the Rules of Appellate Procedure that prevent us from engaging in meaningful review, including the submission of fictitious cases generated by artificial intelligence ("A.I."), we dismiss the appeal. Given the frivolousness of the appeal, we also award damages to Respondent pursuant to Rule 84.19.[1]

### Factual and Procedural History

Appellant filed a notice of appeal in this Court acting pro se purportedly on behalf of all defendants named in the original action. Appellant failed to timely file the Record on Appeal, a signed Appellate Brief, and the requisite Appendix as directed by order of this Court. Following

---

[1] All Rule references are to Mo. R. Civ. P. (2023).

numerous deadline extensions, Appellant filed the Record on Appeal, an unsigned Appellate Brief, and a Reply Brief. Appellant did not file an Appendix.

Respondent moved to strike Appellant's brief and to dismiss the case for failure to comply with the Rules of Appellate Procedure. Specifically, Respondent noted Appellant failed to include an Appendix, an adequate Statement of Facts, a Points Relied On section, an adequate Table of Contents or Table of Authorities, or accurate legal citations. We took the motion with the case.

Discussion

**I.       Dismissal**

Compliance with Rule 84.04 is mandatory. Murphree v. Lakeshore Ests., LLC, 636 S.W.3d 622, 623–24 (Mo. App. E.D. 2021) (internal citation omitted). Failure to substantially adhere to Rule 84.04 preserves nothing for appellate review and requires dismissal of the appeal. Id. (internal quotation omitted).

Parties appearing pro se, like Appellant, are "subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." Hutcheson v. Dep't Soc. Servs., Fam. Support Div., 656 S.W.3d 37, 40 (Mo. App. E.D. 2022) (internal quotation omitted). Pro se appellants "are not entitled to exceptions they would not receive if represented by counsel." Id. at 40–41 (internal quotation omitted). "We recognize the problems faced by pro se litigants, but we cannot relax our standards for non-lawyers." Barbero v. Wilhoit Props,, Inc., 637 S.W.3d 590, 595 (Mo. App. E.D. 2021) (internal citation omitted). "Our application of the rules stems not from a lack of sympathy, but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties." Id. (internal citation omitted); Hutcheson, 656 S.W.3d at 40–41 (internal quotation omitted). Despite our preference to review the merits where only minor shortcomings do not impede meaningful

2

review, "[d]eficient briefing runs the risk of forcing this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct the statement of facts, and craft a legal argument on the appellant's behalf." Hutcheson, 656 S.W.3d at 41 (internal quotation omitted).

Here, numerous major violations of the Rules of Appellate Procedures preclude meaningful review. See id. In addition to the filing of an unsigned Appellate Brief, which does not comply with Rule 84.01(a), we highlight some of the Rule 84.04 deficiencies as follows:

First, Appellant failed to file an Appendix. "Rule 84.04(h) provides in relevant part that a party's brief shall be accompanied by a separate appendix containing the judgment appealed [from] and the complete text of all statutes claimed to control a point on appeal." Barbero, 637 S.W.3d at 595 (citing Rule 84.04(h)). When Appellant initially failed to file an Appendix, this Court directed him to file a compliant Appendix, noting that failure to do so would result in his Appellate Brief being stricken. Appellant was given the opportunity to file the Appendix out of time. To date, Appellant has yet to file an Appendix. Failure to file any Appendix, much less one compliant with the specific parameters of Rule 84.04(h), is sufficient grounds for dismissal of the appeal. Young v. Mo. Dep't Soc. Servs., 647 S.W.3d 73, 78 (Mo. App. E.D. 2022) (internal citation omitted).

Second, Appellant's Brief contains an inadequate Statement of Facts that contains no citations to the record as required by Rule 84.04(c). Further, the Statement of Facts is not "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Instead, the Statement of Facts offers unsupported and conclusory statements. See Barbero, 637 S.W.3d at 593. Specifically, many of the alleged facts challenge statements that were deemed admitted under Rule 74.04 on summary judgment when Appellant failed to properly respond to Respondent's Statement of Uncontroverted Facts. Facts come into

3

a summary-judgment record only via Rule 74.04(c)'s numbered-paragraphs-and-responses framework. Green v. Fotoohighiam, 606 S.W.3d 113, 117 (Mo. banc 2020) (internal quotation omitted); see Rule 74.04(c)(2). As the trial court noted in its order granting summary judgment to Respondent, Appellant's failure to comply with Rule 74.04 resulted in the facts alleged in Respondent's Statement of Uncontroverted Facts being deemed admitted, leaving no genuine issues of material fact in dispute. Thus, Respondent was entitled to judgment as a matter of law on her claim for damages plus liquidated damages and attorneys' fees under Missouri's' Section 290.527[2] for non-payment of wages. See Green, 606 S.W.3d at 117–18 (citing Rule 74.04(c)). Just as Appellant's failure to adhere to the summary-judgment rules resulted in an adverse ruling with the trial court, so too does Appellant's failure to follow the Rules of Appellate Procedure result in a dismissal of his appeal. "Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review." Pearson v. Keystone Temp. Assignment Grp., Inc., 588 S.W.3d 546, 550 (Mo. App. E.D. 2019) (internal quotation omitted). Failure to include the facts relevant to the issues to be determined by this Court is a sufficient basis to dismiss the appeal. Id. at 550–51 (internal citation omitted).

Third, Appellant did not provide Points Relied On as required by Rule 84.04(a)(4). The Points Relied On define the scope of appellate review. Hutcheson, 656 S.W.3d at 41 (internal quotation omitted). The purpose of the Points Relied On is "not merely to impose an unnecessary obstacle to proceeding with the argument[.]" Id. (internal quotation omitted). "The purpose of the points relied on is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues before it." Id. (quoting Pearson, 588 S.W.3d at 551). Rule 84.04(d)(1) provides that a point on appeal shall: (A) identify

---

[2] All Section references are to RSMo (2016).

the challenged ruling or action; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Appellant did include a Statement of Issues in his brief. But even if we were to attempt to construe Appellant's Statement of Issues as Points Relied On, the statement still would not substantially comply with Rule 84.04(d). The Statement of Issues does not follow the provided template, but more importantly, does not identify the legal reasons supporting the claims of reversible error in the context of the case. See id. To speculate about the claims raised and legal justifications averred would improperly place this Court in the role of advocate. Barbero, 637 S.W.3d at 594 (internal citation omitted). Points Relied On that do not substantially comply with Rule 84.04(d) preserve nothing for review and constitute grounds for dismissal of the appeal. Id.; see also Murphree, 636 S.W.3d at 624–25 (internal citation omitted).

Fourth, Rule 84.04(a)(1) requires an appellant's brief to contain a detailed table of contents and a table of cases, statutes, and other authorities cited with references to the pages of the brief in which they are cited. Appellant's Table of Contents and Table of Authorities contain inaccurate page references, which violates Rule 84.04(a)(1). See Waller v. A.C. Cleaners Mgmt., Inc., 371 S.W.3d 6, 9 (Mo. App. E.D. 2012) (citing Rule 84.04(a)(1)). Some authorities appear on different pages and others do not appear at all, being included either only in the Table of Authorities or only in the argument section. More egregiously, we now turn to the actual authorities cited by Appellant.

Particularly concerning to this Court is that Appellant submitted an Appellate Brief in which the overwhelming majority of the citations are not only inaccurate but entirely fictitious. Only two out of the twenty-four case citations in Appellant's Brief are genuine. The two

5

genuine citations are presented in a section entitled Summary of Argument without pincites and do not stand for what Appellant purports. A contextual example of Appellant's reliance on fictitious authority includes:

> For instance, in *Smith v. ABC Corporation,* 321 S.W.3d 123 (Mo. App. 2010), the Court of Appeals held that it had the duty to review the grant of judgment as a matter of law de novo, stating that "the appellate court should not be bound by the trial court's determination and must reach its own conclusion based on the record."

Neither the case nor the specific quote it purports to contain exist in reality. As depicted in the chart below, Appellant also offers citations that have potentially real case names – presumably the product of algorithmic serendipity – but do not stand for the propositions asserted by Appellant, such as State ex rel. Johnson v. Clark, 288 Mo. 659, 232 S.W. 1031, 1035 (Mo banc. 1921), overruled by Younge v. State Bd. of Reg. for Healing Arts, 451 S.W.2d 346 (Mo. 1969), which Appellant claims discusses the standard of review for the grant of judgment as a matter of law but in fact reviews a state administrative board's decision suspending a physician's license. Similarly, the case name "Brown v. Smith" involves two common names and can be found twice in Missouri precedent, but neither case relates to what Appellant purports.

We have itemized each of the twenty-two inaccurate case citations below in order of their appearance:

| Appellant's Citation | Result |
|---|---|
| *Smith v. ABC Corporation*, 321 S.W.3d 123 (Mo. App. 2010) | Fictitious citation |
| *Jones v. XYZ Company*, 450 S.W.2d 789 (Mo. 2012) | Fictitious citation |
| *State ex rel. Johnson v. Clark*, 499 S.W.3d 413 (Mo. 2016) | Fictitious citation using a real case name<br><br>See State ex rel. Johnson v. Clark, 232 S.W. 1031 (Mo banc. 1921), overruled by Younge v. State Bd. Reg. Healing Arts, 451 S.W.2d 346 (Mo. 1969). |

| | |
|---|---|
| *Brown v. Smith*, 456 S.W.2d 345 (Mo. 1970) | Fictitious citation using a real case name<br><br>See <u>Brown v. Smith</u>, 87 S.W. 556 (Mo. 1905); <u>Brown v. Smith</u>, 601 S.W.3d 554 (Mo. App. W.D. 2020). |
| *Warren v. White*, 678 S.W.2d 768 (Mo. App. 1984) | Fictitious citation |
| *Holmes v. Johnson*, 890 S.W.2d 334 (Mo. App. 1994) | Fictitious citation |
| *Winters v. Kim*, 903 S.W.2d 838 (Mo. App. 1995) | Fictitious citation |
| *White v. Smith*, 789 S.W.2d 45 (Mo. 1989) | Fictitious citation using a real case name<br><br>See <u>White v. Smith</u>, 73 S.W. 610 (Mo. 1903); <u>White v. Smith</u>, 898 S.W.2d 138 (Mo. App. W.D. 1995); <u>White v. Smith</u>, 440 S.W.2d 497 (Mo. App. 1969); <u>White v. Smith</u>, 78 S.W. 51 (Mo. App. 1904). |
| *Brown v. Johnson*, 925 S.W.2d 456 (Mo. App. 1996) | Fictitious citation using a real case name<br><br>See <u>Brown v. Johnson</u>, 157 S.W.2d 544 (Mo. App. 1942). |
| *State ex rel. Pioneer Hi-bred Int'l, Inc. v. Craig*, 940 S.W.2d 343 (Mo. 1997) | Fictitious citation |
| *Weber v. City of Cape Girardeau*, 447 S.W.3d 885 (Mo. App. 2014) | Fictitious citation |
| *Hall v. Landscape Servs., Inc.*, 456 S.W.3d 60 (Mo. App 2015) | Fictitious citation |
| *Anderson v. Rapid Roberts, Inc.*, 539 S.W.3d 367 (Mo. App. 2017) | Fictitious citation |
| *Baker v. St. Louis Symphony Orchestra*, 439 S.W.3d 750 (Mo. App. 2014) | Fictitious citation |
| *Hughes v. Cintas Corp.*, 501 S.W.3d 34 (Mo. App. 2016) | Fictitious citation |
| *Huett v. Dollar Tree Stores, Inc.*, 913 S.W.2d 229 (Mo. App. 1995) | Fictitious citation |
| *Great Southern Bank v. Edie*, 329 S.W.3d 622 (Mo. App. 2010) | Fictitious citation |
| *City of St. Louis v. Sprint Spectrum L.P.*, 475 S.W.3d 270 (Mo. App. 2015) | Fictitious citation using a real case name<br><br>See <u>City of St. Louis v. Sprint Spectrum, L.P.</u>, 203 S.W.3d 199 (Mo. banc 2006). |

| | |
|---|---|
| *State ex rel New Madrid County Juvenile Office v. Ramsey*, 361 S.W.3d 919 (Mo. App. 2012) | Fictitious citation |
| *State ex rel. Platte County v. Clemmons*, 862 S.W.2d 877 (Mo. banc 1993) | Fictitious citation |
| *Copeland v. Mercantile Bank*, 827 S.W.2d 507 (Mo. banc 1992) | Fictitious citation |
| *Schaffer v. County of Cape Girardeau*, 342 S.W.3d 241 (Mo. banc 2011) | Fictitious citation |

Appellant also cites to Missouri statutes and rules erroneously. Throughout the Appellate Brief, Appellant's cited statutory and rule authorities do not state what Appellant claims. For instance, some statutes and rules concern a completely different legal matter than what Appellant purports, while others misstate the substance of the law. For example, regarding Rule 78.07, concerning after-trial motions, Appellant's Brief inaccurately states that "Rule 87.07 of the Missouri Rules of Civil Procedure further supports the requirement for the trial court to consider all evidence and apply the law accurately." In another illustration, Appellant incorrectly states that Rule 55.23 – which concerned when the execution of a written instrument was deemed confessed and which was repealed in 2018 – provides guidance on the calculation of damages in default judgments and emphasizes the need for an evidence-based and reasonable assessment of damages.

In his Reply Brief, Appellant apologized for submitting fictitious cases and explained that he hired an online "consultant" purporting to be an attorney licensed in California to prepare the Appellate Brief. Appellant indicated that the fee paid amounted to less than one percent of the cost of retaining an attorney. Appellant stated he did not know that the individual would use "artificial intelligence hallucinations" and denied any intention to mislead the Court or waste Respondent's time researching fictitious precedent. Appellant's apology notwithstanding, the deed had been done, and this Court must wrestle with the results.

Filing an appellate brief with bogus citations in this Court for any reason cannot be countenanced and represents a flagrant violation of the duties of candor Appellant owes to this Court. Appellant submitted the Appellate Brief in his name and certified its compliance with Rules 55.03 and 84.06(c) as a self-represented person. Rule 55.03 provides that "[b]y presenting and maintaining a claim . . . in a pleading, motion, or other paper filed with or submitted to the court, an attorney or party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that: . . . [t]he claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument[.]" Rule 55.03(c)(2); see Rule 84.06(c)(1) (requiring an appellate brief to contain a certificate of compliance by the lawyer or self-represented person that includes the information required by Rule 55.03). We regret that Appellant has given us our first opportunity to consider the impact of fictitious cases being submitted to our Court, an issue which has gained national attention in the rising availability of generative A.I. "Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court[;] [i]t does not matter if [generative A.I.] told you so." Maura R. Grossman, Paul W. Grimm, & Daniel G. Brown, *Is Disclosure and Certification of the Use of Generative AI Really Necessary?* 107 JUDICATURE 68, 75 (2023). As a federal district court in New York recently noted,

> A fake opinion is not "existing law" and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.

Mata v. Avianca, Inc., No. 22-CV-1461, 2023 WL 4114965, at *12 (S.D.N.Y. June 22, 2023) (internal citation omitted) (dismissing a filing and sanctioning a party for submitting bogus legal citations generated by ChatGPT); see also American Bar Association Model Rules of Professional Conduct Model Rule 3.3 (imposing an ethical duty to demonstrate candor to the

9

courts and prohibiting the making of false statements of material fact or law). To protect the integrity of the justice system, courts around the country have been considering and/or enacting local rules specifically geared towards prohibiting or disclosing the use of generative A.I. in court filings. Appellant's fictitious citations alerted us and Respondents to the probability of generative A.I.'s involvement even prior to Appellant's disclosure after the fact. We urge all parties practicing before this Court, barred and self-represented alike, to be cognizant that we are aware of the issue and will not permit fraud on this Court in violation of our rules.

Appellant's submission of fictitious cases constitutes an abuse of the judicial system. See Mata, 2023 WL 4114965, at *12. As noted at the outset of this Opinion, we recognize the challenges faced by pro se litigants, however, this appeal does not involve minor technical briefing deficiencies. See Puetz v. Rice, 675 S.W.3d 652, 655–56 (Mo. App. E.D. 2023); see also Pearson, 588 S.W.3d at 550) ("Perfection is not required, but an appellant must substantially comply with the rules."). Pro se appellants have successfully argued and won appeals in this Court using freely accessible caselaw. Here, Appellant chose to retain dubious assistance and submitted fictitious and incorrect legal authorities. We addressed only a selection of Appellant's missteps, for which he was given ample opportunities by courtesy of Respondent and by order of this Court to correct. "[J]udicial impartiality and fairness mandate that we hold pro se appellants to the same standards as parties represented by lawyers." Puetz, 675 S.W.3d at 656 (internal citation omitted). The significant violations of Rule 84.04 mandate dismissal of the appeal. See id.

## II.    Rule 84.19 Sanctions

We have the discretionary authority to award damages for a frivolous appeal. Est. of Downs v. Bugg, 242 S.W.3d 729, 734 (Mo. App. W.D. 2007) (citing Rule 84.19). Pursuant to

Rule 84.19, if we determine that an appeal is frivolous, we may award monetary damages to the respondent as we deem just and proper.

"An appeal is frivolous if it presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed." Bugg, 242 S.W.3d at 734 (internal quotation omitted); see also Frawley v. Frawley, 637 S.W.3d 140, 151 (Mo. App. W.D. 2021) (internal quotation omitted). An appeal is frivolous and warrants an award of attorneys' fees when it is so deficient "that it is a strain on both judicial resources as well as the resources of the opposing party." Puetz, 675 S.W.3d at 657. "The issues presented on appeal must be at least fairly debatable in order to avoid assessment of damages for frivolous appeals." Frawley, 637 S.W.3d at 151 (internal quotation omitted) (awarding Rule 84.19 damages for a frivolous appeal where there was not one argument raised that was not barred by the law of the case doctrine or otherwise waived due to the appellant's failure to present any evidence to the circuit court).

We award damages under Rule 84.19 cautiously on a case-by-case basis where doing so will serve "(1) to prevent congestion of the appellate court dockets with meritless cases which, by their presence, contribute to delaying resolution of meritorious cases and (2) to compensate respondents for the expenses they incur in the course of defending these meritless appeals." Bugg, 242 S.W.3d at 734 (internal quotation omitted); see also Brown Tr. of Eugene D. Brown Trusts Created by Tr. Agreement Dated February 27, 1989 v. Brown, 648 S.W.3d 55, 64 (Mo. App. W.D. 2022) (remanding for the award of attorneys' fees under Rule 84.19 for a frivolous appeal with numerous Rule 84.04 briefing deficiencies among other litigation issues); Brown v. Brown, 645 S.W.3d 75, 85 (Mo. App. W.D. 2022) (same).

The record before us shows that Appellant has substantially failed to comply with court rules, even after being notified of Respondent's motion to strike and receiving this Court's orders. Appellant's repeated failures favor a finding that his appeal from the trial court's judgment is frivolous and warrants the imposition of sanctions under Rule 84.19. See Brown, 645 S.W.3d at 84–85. We note for the record that Appellant was initially represented by counsel in the trial court but proceeded pro se during the summary-judgment proceedings. Appellant failed to respond properly to Respondent's motion for summary judgment, requiring the trial court to find in Respondent's favor under Rule 74.04. The trial court also awarded Respondents attorneys' fees in the amount of $91,908. Even had Appellate appealed from the final judgment with a brief compliant with Rule 84.04, his claims wholly lacked merit given his actions in the underlying summary-judgment proceeding. See Frawley, 637 S.W.3d at 151; Bugg, 242 S.W.3d at 734. Appellant lacked any basis for asserting error on the part of the trial court in entering summary judgment. Appellant proceeded unrepresented on appeal, hiring a "consultant" and failing to properly pursue his appeal under the standards set forth in Rule 84.04. We recognize and appreciate Appellant's admissions and remorse expressed in his Reply Brief. And we further appreciate the challenges placed on pro se litigants who are unable to afford legal counsel. This Court routinely makes reasonable accommodations for pro se litigants when doing so does not cause the Court to become an advocate for the pro se litigant. But the facts before us present a much more serious and fundamental issue than poor briefing. Appellant's actions in pursuing this appeal have required Respondent to expend more resources than necessary to decipher the record and arguments as well as to identify the fictitious cases Appellant wrongly presented to this Court. See Brown, 645 S.W.3d at 84–85. Respondent was compelled to file the necessary briefing, arguments, and supplemental legal file and appendix as well as attend oral

argument for an appeal that wholly lacked merit. For these reasons, an award to Respondent of partial appellate attorneys' fees and expenses is warranted. See id. We note that our Eastern District Local Rule 400 requiring a specific request for attorneys' fees prior to the submission of the cause does not apply to awarding damages under Rule 84.19. Here, Respondent sought "other and further relief as this Court deems just and proper" in her motion to strike Appellant's Brief. We find damages under Rule 84.19 to be a necessary and appropriate message in this case, underscoring the importance of following court rules and presenting meritorious arguments supported by real and accurate judicial authority. See Bugg, 242 S.W.3d at 734 (internal quotation omitted). The imposition of damages serves to promote the integrity of the judicial process. Accordingly, we grant Respondent's motion to strike both as it pertains to dismissal and to the request for further relief from this Court. Appellant is hereby ordered to pay Respondent damages towards appellate attorneys' fees in the amount of $10,000.

Conclusion

The appeal is dismissed. Appellant is ordered to pay $10,000 to Respondent in damages for filing a frivolous appeal.

KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.

13